395 A.2d 1370

**Angela M. HAYES, Appellant at 505,**

v.

**ERIE INSURANCE EXCHANGE, Appellant at 487.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Decided Dec. 20, 1978.

172

T. Warren Jones, Erie, for appellant at No. 487, and appellee at No. 505.

Joseph A. Yochim, Erie, for appellee at No. 487, and appellant at No. 505.

Before CERCONE, HOFFMAN and WIEAND, JJ.

WIEAND, Judge:

An action in assumpsit was brought by Angela M. Hayes, appellee herein, against Erie Insurance Exchange, appellant, to recover benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq. The trial court entered summary judgment holding that basic loss benefits were recoverable against the insurer. The court refused, however, to make an award of counsel fees to appellee. When Erie Insurance Exchange filed an appeal to this Court, Hayes filed an appeal from the denial of her motion for an award of an attorney's fee.

The facts are not in dispute. On the evening of January 6, 1976, appellee had parked her vehicle on State Street, near

Thirtieth Street, in the City of Erie. The vehicle was registered but not insured as required by Section 104 of the No-fault Motor Vehicle Insurance Act, 40 P.S. § 1009.104. After emerging from this vehicle, appellee walked to the corner of Thirtieth and State Streets and while crossing the intersection was struck by an automobile operated by Laurie A. Felgar and insured by appellant, Erie Insurance Exchange. As a consequence of the accident, appellee sustained multiple injuries which included injuries to the head and a fractured pelvis. A claim was made to appellant insurer under the "No-fault" statute for appellee's medical expenses and lost earnings. The claim was denied.

Section 204(a) of the No-fault Act, 40 P.S. § 1009.204(a), establishes the source for payment of basic loss benefits as follows:

"(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan."

The issue is whether appellee is entitled to recover benefits from appellant under subparagraph (4) or whether she should be required to seek the more restrictive benefits recoverable through the assigned claims plan as provided in subparagraph (5). We conclude that subparagraph (4) is controlling.

Appellee was an uninsured person who was not an occupant of an insured vehicle. As an uninsured pedestrian she was entitled to recover basic loss benefits from the insurer of the vehicle involved in the accident. This conclusion is mandated by the statutory language and is consistent with dictum announced by this Court in *Schimmelbusch v. Royal-Globe Insurance Company*, 247 Pa.Super. 28, at page 32, 371 A.2d 1021, at page 1023 (1977). It was there suggested that subparagraph (4) "would include any uninsured person who is not an occupant of a vehicle such as a pedestrian or a bystander who was injured by a motor vehicle."

Appellant argues that such an interpretation will reward, rather than penalize, a person who fails to obtain the insurance coverage mandated by the Act. Such an argument should be directed to the Legislature. The purpose of the Pennsylvania "No-fault" law, as declared in Section 102(b) thereof, 40 P.S. § 1009.102(b), is to establish at reasonable cost a "system of prompt and adequate basic loss benefits for motor vehicle accident victims." Section 601 of the Act makes it a misdemeanor to operate a motor vehicle without the required security and provides for stringent penalties. Nowhere in the statute, however, is such a person precluded from recovering benefits under the statute. We will not impose on appellee a penalty which the Legislature has deemed it unnecessary to provide. If an undue burden is thereby imposed upon premium-paying vehicle owners, the remedy lies with the Legislature.

A similar conclusion was reached by the Superior Court of New Jersey in *Ortiz v. Safeco Insurance Company*, 136 N.J.Super. 532, 347 A.2d 26 (1975). In that case, the plaintiff's decedent had been struck and killed by an insured motorist while the decedent was crossing a street to reach

his uninsured, parked vehicle. A claim was made against the motorist's insurer to recover benefits allowed by the New Jersey Automobile Reparation Reform Act. This statute, which had introduced no-fault concepts, made automobile insurance coverage mandatory. The insurance company denied the claim because the decedent had not maintained required insurance coverage on his own vehicle. The court rejected the insurer's position, holding that to deny benefits would "impose on plaintiff's decedent a penalty which only the Legislature can provide, and which it has not done."

■■■■ Appellee's claim for an attorney's fee is based on Section 107(3) of the "No-fault" statute, 40 P.S. § 1009.-107(3), which provides:

"(3) If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended."

The trial court refused to make such an award, citing "the lack of judicial precedent respecting the plaintiff's claim and the defendant's denial of it." Appellee contends that this was error.

It may be conceded, as appellee argues, that the absence of judicial precedent will not invariably provide an insurance carrier with "reasonable foundation" for denying a claim under the Act. On the other hand, where a non-frivolous issue is one of first impression, as here, this fact is entitled to substantial weight in determining whether an insurer's denial of a claim is "without reasonable foundation."

In the instant case, it is significant that appellee has nowhere sought to attribute bad faith to the insurer's decision to deny the claim. It is also significant that appellant's determination to deny the claim was communicated to appellee on April 15, 1976. This was less than a year after the effective date of the Act and prior to the opinion of this Court in *Schimmelbusch v. Royal-Globe Insurance Company*, supra. Moreover, as appellant argued before this Court,

appellee was herself in violation of the No-fault law. It was she who had failed to obtain the mandated insurance coverage for her own automobile. Appellant perceived that by allowing appellee's claim it would be assuming a responsibility which the Legislature had intended to place in the first instance upon appellee's own insurance carrier. See: 40 P.S. § 1009.204(a)(2). By failing to obtain the required coverage, appellant contended, appellee would be able to shift this burden and defeat the plan for priority of payments established by the Legislature. Although we have rejected appellant's interpretation of the statute, the issue created thereby was novel and not without substance.

Under these circumstances, the trial court properly refused to enter an order awarding to appellee an attorney's fee. The record did not permit a conclusion that appellant's denial of appellee's claim had been without reasonable foundation.

The order entered by the Court of Common Pleas of Erie County is affirmed.