### Stango v. St. Paul Fire & Marine Insurance Company

*Timothy J. O'Connell*, for petitioner.

*Jeffrey A. Less*, for Pennsylvania Assigned Claims Plan.

*James W. Evans*, for St. Paul Fire & Marine Insurance Company.

WICKERSHAM, *J.*, December 6, 1979—This matter is before the court en banc on a petition for declaratory judgment by Daniel J. Stango, petitioner, who filed a claim for no-fault benefits which was denied by respondents, St. Paul Fire & Marine Insurance Company and the Pennsylvania Assigned Claims Plan. The parties have stipulated as to the facts of the case. On September 11, 1978, petitioner's automobile stalled on the Harvey Taylor Bridge, Harrisburg, Pa. He got out of the car and started to push it forward, leaning in through the window on the driver's side to steer as he pushed. From time to time, he would go to the rear of the car and wave oncoming traffic around his vehicle. While waving, he was struck by an automobile insured by respondent, St. Paul Fire & Marine Insurance Company. At the time of the occurrence, petitioner had not insured his care pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq.

Following the accident, St. Paul paid basic loss benefits to petitioner until December 15, 1978. Thereafter, St. Paul refused further payment and petitioner applied for payments through the Pennsylvania Assigned Claims Plan. Assigned Claims refused to pay, arguing that St. Paul was liable under the No-fault Act.

The sole issue before this court is whether the petitioner was a "driver or other occupant" of a motor vehicle for purposes of section 1009.204(a)(4) of the Pennsylvania No-fault Act.

Section 1009.204(a)(4) of the act provides:

"The security for payment of basic loss benefits applicable to any injury to: . . .

"(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; . . ."

In other words, if the victim is not insured and is not the driver or other occupant of a vehicle at the time of the accident, he obtains his benefits from the insurance covering any other motor vehicle in the accident. Under petitioner's theory and that of respondent, Pennsylvania Assigned Claims Plan, he was not a "driver or other occupant" of the car at the time of the accident; hence, because he was not insured, he should obtain his benefits from respondent St. Paul.

Respondent, St. Paul, on the other hand, argues that petitioner must look to respondent, Assigned Claims Plan, for payment pursuant to section

1009.204(a)(5) of the No-fault Act, which provides: "The security for the payment of basic loss benefits applicable to an injury to: . . . (5) any other individual is the applicable assigned claims plan."

St. Paul argues that because petitioner was alternately pushing and steering his car across the bridge, he was more "vehicle-oriented" and therefore, should be deemed a "driver or other occupant" of the car. Hence, because he was not insured, he should be relegated to make his claim against respondent, Assigned Claims Plan, under section 1009.204(a)(5), supra.

There is no question in this case according to the stipulated facts, that petitioner was standing to the rear of his car, waving by oncoming traffic when the accident occurred. Although he was in close proximity to his car, he was not "driving" or "occupying" it in the plain and common sense meaning of those words, irrespective of his ongoing attempt to push the car across the bridge. We therefore hold that he was not a "driver or other occupant" of the car at the time of the accident; it necessarily follows that respondent, St. Paul Fire & Marine Insurance Company, is liable for payment of his basic loss benefits pursuant to section 1009.204(a)(4) of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.204(a)(4).

The conclusion which we reach today is in accord with the trend of recent Pennsylvania appellate court decisions. For example, in Hayes v. Erie Ins. Exchange, _____ Pa. Superior Ct. _____, 395 A. 2d 1370 (1978), the victim had parked her uninsured car, and while crossing the street, she was struck by another car that was insured by Erie Insurance. The court held that she was a pedestrian at the time of the accident, and was therefore entitled to recover benefits from the insurer of the car which

struck her pursuant to section 1009.204(a)(4). A county court decision which is quite similar to the instant case is Vroman v. Pennsylvania Mutual Casualty Insurance Company, No. 329, September Term, 1978, Crawford County, opinion dated March 9, 1979. In Vroman, the victim's car had stalled and he got out, went to the front of the car and looked under the hood. While he was attempting to start the car, he heard a truck coming towards him. A friend's car was parked facing his with its hood up also. Vroman, plaintiff, pushed his friend out of the way and tried to get out from between the two cars' bumpers when the truck struck the rear of one of the cars, crushing his legs. The identical issue of whether plaintiff was a "driver or other occupant" of his vehicle was presented. The court held that he was not; hence, under section 1009.204(a)(4), the insurer of the truck paid for basic loss benefits.

## DECLARATION

And now, December 6, 1979, upon consideration of the petition of Daniel J. Stango, the court orders and decrees that respondent, St. Paul Fire & Marine Company, pay to petitioner, Daniel J. Stango, accumulated basic loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act. It is further ordered that respondent, St. Paul Fire & Marine Insurance Company, pay interest on the overdue payments at the rate of 18 percent per annum as provided in section 1009.106 of the act.*

---

*We have reviewed petitioner's claim for counsel fees but have found no evidence of bad faith refusal by respondent, St. Paul Fire & Marine Insurance Company, pursuant to section 1009.107(3) of the No-fault Act, 40 P.S. §1009.107(3). See Hayes v. Erie Ins. Exchange, supra, at 1373.