419 A.2d 531

**Angela M. HAYES, Appellant,**

v.

**ERIE INSURANCE EXCHANGE.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed March 21, 1980.

Joseph A. Yochim, Erie, for appellant.

T. Warren Jones, Erie, for appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Erie County, Civil Division, wherein the court below fixed the interest rate at 6% on the payment due appellant rather than the 18% claimed under Pennsylvania No–Fault Motor Vehicle Insurance Act, 40 P.S. Sec. 1009.101 et seq. at Section 106; and refused her attorney's fees under Section 107.

On January 6, 1976, appellant had parked her car on State Street in Erie and walked to the corner and when she attempted to cross the street she was struck by appellee's insured. Appellant did not have insurance on her vehicle as required by the No–Fault Act.

A claim was filed with appellee for medical expenses and wage loss benefits which was denied and appellant was instructed to seek compensation under the assigned claims plan. Suit was brought in assumpsit and appellee was found liable for said payments, and after appeal to this Court, that determination was affirmed but counsel fees were denied. *Hayes v. Erie Insurance Exchange*, 261 Pa.Super. 171, 395 A.2d 1370 (1978).

In the *Hayes* case this court held although the appellant's vehicle was uninsured, in violation of No–Fault Motor Vehicle Insurance Act, she was entitled to recover basic loss benefits from the insurer of the vehicle involved in the

accident and was not limited to the more restrictive benefits under the assigned claims plan. *40 P.S. Para. 1009.204(a)(4, 5).* This court held:

"In the instant case, it is significant that appellee has nowhere sought to attribute bad faith to the insurer's decision to deny the claim. It is also significant that appellant's determination to deny the claim was communicated to appellee on April 15, 1976. This was less than a year after the effective date of the Act and prior to the opinion of this Court in *Schimmelbusch v. Royal–Globe Insurance Company* [247 Pa.Super. 28, 371 A.2d 1021 (1977)], supra. Moreover, as appellant argued before this Court, appellee was herself in violation of the No–Fault law. It was she who had failed to obtain the mandated insurance coverage for her own automobile. Appellant perceived that by allowing appellee's claim it would be assuming a responsibility which the Legislature had intended to place in the first instance upon appellee's own insurance carrier. See: 40 P.S. Para 1009.204(a)(2). By failing to obtain the required coverage, appellant contended, appellee would be able to shift this burden and defeat the plan for priority of payments established by the Legislature. Although we have rejected appellant's interpretation of the statute, the issue created thereby was novel and not without substance.

"Under these circumstances, the trial court properly refused to enter an order awarding to appellee an attorney's fee. The record did not permit a conclusion that appellant's denial of appellee's claim had been without reasonable foundation."

As the court below stated: The defendant should not be penalized for contesting in good faith the issue of whether it is the "obligor's" responsibility for providing compensation to the plaintiff.

The reliance of the appellant on *Ortiz v. Safeco Insurance Company,* 144 N.J.Super. 506, 366 A.2d 695 (1976) (*Ortiz* II) and *Ortiz v. Safeco Insurance Company,* 136 N.J.Super. 532, 347 A.2d 26 (1975) (Ortiz I) is misplaced. In that case the

difference in the Pennsylvania No–Fault Act and the New Jersey No–Fault scheme is apparent. The insurer under the New Jersey act in order to avoid the penalty must have reasonable proof to establish that the insurer is not responsible for the payment while under the Pennsylvania Act there must be a showing of good faith and reasonable foundation for rejection.

Appellee, promptly paid the amount due and interest at the rate of 6% per annum to the date of payment.

Appellant then brought an action to recover interest at 12% in addition to the 6% under Section 106 of the No–Fault Act, supra, and attorney's fees on same under Section 107.

The court below held that since this court found the reason for non–payment had a reasonable foundation and the appeal raised a novel question of first impression–that the interest assessed in Paragraph 106 is a penalty to be levied only in cases in which bad faith is shown.

Section 106(a) provides:

"(2) No–Fault benefits are overdue if not paid within thirty (30) days after receipt by the obligor of each submission of reasonable proof of the fact and amount of loss sustained, unless the obligor designates, upon receipt of an initial claim for no–fault benefits, periods not to exceed thirty–one (31) days each for accumulating all such claims received within each such period, in which case such benefits are overdue if not paid within fifteen (15) days after the close of each such period. If reasonable proof is supplied as to only part of a claim, but the part amounts to One Hundred Dollars ($100.00) or more, benefits for such part are overdue if not paid within the time mandated by this paragraph. An obligation for basic loss benefits for an item of allowable expense may be discharged by the obligor by reimbursing the victim or by making direct payment to the supplier or provider of products, services, or accommodations within the time mandated by this paragraph. Overdue benefits bear interest at the rate of eighteen per cent (18%) per annum."

That the 18% interest on overdue payments is a penalty is beyond dispute; the normal legal rate being 6%. And should the penalty be enforced indiscriminately a serious constitutional question would arise with regard to this section as it would be an attempt to discourage access to the courts by insurers, even in good faith and for reasonable cause. In this case, payment was withheld in good faith for reasonable cause and no penalty should be enforced against the appellee. It also follows that no attorney's fees would be payable by appellee.

Order affirmed.