## Warner v. Fireman's Fund Insurance Companies

*Joseph Yochim,* for plaintiff.
*Timothy J. Lucas,* for defendant.

ANTHONY, *J.,* November 18, 1980—Both parties to this action have filed motions for summary judgment, stipulations of fact having been submitted. The dispute revolves around conflicting interpretations of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq. The precise issue before the court is whether Medicaid

benefits are a primary or secondary source of benefits under the Assigned Claims plan of the No-fault Act.

Plaintiff Warner was struck by a motorcycle and sustained serious injury as a result. He was hospitalized for approximately two months and was unable to work for 71 weeks. The amount of loss is stipulated as follows: medical bills, $16,922.35; wage loss, $7,810 (71 weeks at $110 per week). Thus, the total loss is $24,732.35.

Warner did not have a no-fault insurance policy as he did not own a vehicle. Therefore, he pursued no-fault benefits pursuant to the Assigned Claims Plan of the No-fault Act, 40 P.S. §1009.108. As a result, Fireman's Fund was selected as insurer. There is no dispute that Warner applied and submitted proof of loss in a timely fashion. It is also stipulated that Warner never received notice of the rejection of his claim, and that he never knew of the reason for the rejection until after the commencement of this suit. A certain amount of the medical bills has been paid pursuant to Medicaid, but all governmental relief has been discontinued and a demand has been made that Warner return all monies previously received.

Fireman's Fund argues that Medicaid is the primary obligor under the asigned caims plan, and that Warner's eligibility for Medicaid relieves Fireman's Fund of liability.

Fireman's supports this argument by pointing out the variation in wording between §206 of the act, which is the general definition of "Net Loss," and §108, which deals solely with the assigned claims plan. Specifically, §206(a) provides that medicaid benefits may not be deducted from loss in calculating net loss. There is no such express exception in

the Assigned Claims plan. In §108(a)(3) it is provided that only life insurance, inheritance, and support payments may be deducted from loss. Fireman's Fund argues that the variation in language evidences a legislative intent to treat Medicaid as primary obligor under the assigned claims plan.

We need not analyze this argument in light of tenets of statutory construction. What Fireman's Fund fails to address is the fact that Medicaid is the product of federal legislation and that we must therefore interpret §108 in a manner which will not conflict with federal law. Shapp v. Sloan, 480 Pa. 449, 391 A.2d 595 (1978).

It is clear that a finding of primary liability of Medicaid is impermissible in light of the Federal statute, 42 U.S.C. §1396 et seq. In §1396a(a)(25), it is provided that the state agency administering the Medicaid plan must take "all reasonable measure to ascertain the legal liability of third parties to pay for care and services . . . arising out of injury. . . ." It is further provided that the liability of any third party shall be treated as a resource of the injured person. Finally, any assistance provided before the liability of a third party is determined must be repaid to the state agency. In light of the foregoing provisions, we find that Medicaid benefits are not primary to no-fault benefits under the Assigned Claims plan. It follows, then, that Firemen's Fund is the primary obligor, and is liable to Warner for all amounts listed in the parties' stipulations.[1]

The remaining issue is whether attorney's fees and/or 18 percent interest will be assessed against

---

1. While Medicaid relates only to the medical costs incurred, we note that Fireman's Fund has not indicated who, other than themselves, could be liable for the wage loss incurred.

Fireman's Fund. The former is authorized by §107(3) where the denial of benefits was "without reasonable foundation." A similar standard has been applied to the assessment of 18 percent interest on overdue payments. Hayes v. Erie Insurance Exchange, 276 Pa. Super. 424, 419 A.2d 531 (1980). We find that Fireman's Fund's refusal to pay benefits was without reasonable foundation. First, the fact that Medicaid cannot be a primary source of benefits was recognized by the Pennsylvania Insurance Department in 1975. In amending 31 Pa. Code §66.1106(a)(2), the following finding was made by the insurance commissioner:

"These sections had allowed Medicaid to be elected as primary insurance. However, the Medicaid Act prohibits Medicaid from being primary insurance." Vol. 5, Pa. Bulletin, p. 897. We find that, as a no-fault insurer, Fireman's Fund should reasonably have known that their interpretation of the act was impermissible under federal law.

Additional factors support our conclusion. Fireman's Fund did not send notice of rejection until April 13, 1979, although they had received medical bills as early as December 8, 1978. This is far in excess of the 30-day limit set out in §106(a)(5). Also, the letter did not contain the required notice of Warner's right to obtain an attorney.[2] Finally, even if we were to accept defendant's argument that Medicaid benefits should be deducted from net loss, we find that the refusal to pay benefits to Warner and later seek reimbursement from Medicaid is a violation of §106(a)(3). The purpose of this provision is to prevent the hardships of delay from being

2. We note that, in addition to its other defects, the letter was improperly addressed and never reached Warner.

borne by the party least able to bear it, the injured insured. Rather, benefits are to commence quickly with the insurer expressly granted a right to reimbursement from certain collateral sources.

For all of the above reasons, we conclude that summary judgment must be entered in favor of plaintiff. Warner is entitled to all medical and wage-loss benefits previously described, plus 18 percent interest and attorney's fees as provided by statute.

## ORDER

And now, this November 18, 1980, it is hereby ordered and decreed that plaintiff's motion for summary judgment is granted, and judgment is entered for plaintiff against defendant in the sum of $15,000 with interest at the rate of 18 percent per annum, plus attorney's fees. Defendant's motion for summary judgment is denied.

## ORDER

And now, this November 24, 1980, it is hereby ordered and decreed that the prior order of this court dated November 18, 1980, is hereby modified in that the judgment sum of $15,000 is stricken and judgment for plaintiff is for the medical, wage-loss, and other benefits, including interest at the rate of 18 percent per annum, plus attorney's fees, as provided under the No-fault Motor Vehicle Insurance Law of Pennsylvania.