## Buckwalter v. Occidental Fire & Casualty Co.

*Christopher J. Foust,* for plaintiff, Buckwalter.
*Peter J. Fagan* and *Anthony J. Lucadamo,* for defendant, Occidental.
*S. Walter Foulkrod, III,* for defendant.

MYERS, *P.J.,* August 14, 1981—This is an action for no-fault benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. Plaintiff's claim arises from a motor vehicle collision which occurred on December 13, 1977, while plaintiff was operating a tractor-trailer on Route 339, Mifflin

Township, Columbia County, Pa. Plaintiff was acting in the capacity of either: (1) an employe of North East Express, Inc., or (2) an independent contractor for North East Express, Inc.

At the time of the collision , the vehicles owned by North East Express were insured by a no-fault policy issued by defendant, Paxton National Insurance Company. In addition, plaintiff had obtained a no-fault policy issued to him, as the named insured, by defendant, Occidental Fire & Casualty Company of North Carolina.

Both Paxton and Occidental have now filed motions for summary judgment, which are presently before the court for disposition.

Occidental contends that it has no liability to plaintiff, because its policy exempted plaintiff from coverage while he was an employe of or a lessor to North East Express. On the other hand, Paxton asserts that it has no liability because plaintiff's sole remedy is a workmen's compensation claim against North East Express. Further, the Paxton policy covered only vehicles owned by North East Express. There is no dispute that, at the time of the collision, plaintiff was the owner of the vehicle which he was operating.

The propriety of paying no-fault benefits to an injured employe was settled, in part, by the holding in Turner v. SEPTA, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978). According to Turner, the No-fault Act does not create an exception to the rule that an injured employe's exclusive remedy against his employer is created by The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq., Accord: Wagner v. National Indemnity Co., 266 Pa. Superior Ct. 110, 403 A. 2d 118 (1979).

Thus, Paxton is not liable for plaintiff's injuries,

regardless of whether plaintiff was an employe or lessor of North East at the time of the collision.

However, since recovery cannot be effectuated from North East's no-fault carrier, it seems that plaintiff should be permitted to recover basic loss benefits from his own no-fault carrier, i.e., Occidental. Otherwise, plaintiff will be denied full recovery of his wage loss, since only partial wage loss recovery is available under the Workmen's Compensation Act.

The No-fault Act provides that primary security for basic loss benefits shall be the no-fault carrier which provides coverage for the vehicle of the employe's employer, but "if none, any other security applicable to such victim." The security source which is next in the priority list established in the No-fault Act is "the security under which the victim . . . is insured."

According to the provisions in the Workmen's Compensation Act, and the holdings in Turner and Wagner, the employer and his no-fault carrier's liability is restricted to the benefits recoverable under the Workmen's Compensation Act. Accordingly, to the extent that an employe is denied full recovery of benefits under the No-fault Act, he should be permitted to recover from his own no-fault carrier.

Any other interpretation would be contrary to the manifest legislative intent. To reach any other conclusion would be to decide that an employe injured while driving during the course of his employment should be denied the full recovery of basic loss benefits which is available to all other drivers. We do not believe that the legislature intended such an unfair and inequitable result. See Grimont v. Aetna Casualty & Surety Co., 15 D. & C. 3d 202 (1980).

Pennsylvania National Mutual Casualty Insurance Co. v. J. C. Penney Insurance Co., 8

D. & C. 3d 265 (1978), which is cited by Occidental; involved a situation where the vehicle was owned by the employer and furnished to the employe for non-business use. Accordingly, we view the Pennsylvania National decision as inapplicable to the present case. On the contrary, we adopt the reasoning expressed by Judge Weand in Grimont to the extent that Grimont is inconsistent with Pennsylvania National.

Accordingly, we will grant the motion for summary judgment filed by Paxton, but deny the motion filed by Occidental.

Whether or not plaintiff was an employe or lessor of North East Express, we conclude that plaintiff's insurance carrier—Occidental—is liable for payment of no-fault benefits.

One further matter remains for disposition. Plaintiff has requested that he be paid his attorney's fees. Such fees are recoverable if an insurance carrier denies a claim without "reasonable foundation." Hayes v. Erie Insurance Exchange, 276 Pa. Superior Ct. 424, 419 A. 2d 531 (1980).

In the present case, however, the law governing the obligation of Occidental and Paxton is subject to more than one reasonable interpretation. One cannot deny that certain applicable provisions of the No-fault Act are ambiguous and contradict several provisions of the Workmen's Compensation Act. Given this background, one would be remiss to conclude that either Occidental or Paxton acted without reasonable foundation in denying plaintiff's claim.

In any event, under section 107 of the No-fault Act attorney's fees must be based upon actual time expended. The statement of services rendered by plaintiff's attorney does not reflect either the hourly rate or the actual time expended. The claim is thus not in compliance with section 1009.107.

## ORDER

And now, August 14, 1981, defendant, Occidental's motion for summary judgment is hereby denied. Defendant Paxton's motion for summary judgment is hereby granted, and judgment is entered in favor of Paxton and against plaintiff. Plaintiff's claim for attorney's fees is hereby denied.