## Nelms v. Erie Insurance Group

*Joseph A. Quinn, Jr.*, for plaintiff.
*Robert T. Panowicz,* for defendant.

DALESSANDRO,*J.*, February 23, 1982—This matter is before the court on defendant's demurrer to the amended complaint.

## HISTORY AND FACTS

Plaintiff, Sybil W. Nelms, commenced this action by writ of summons in assumpsit on April 16, 1979, against the Erie Insurance Group. The complaint was filed on September 5, 1979, and Erie subsequently raised preliminary objections which were granted in part by order dated April 2, 1980 (Podcasy, J.). An amended complaint and additional preliminary objections followed.

Plaintiff alleges that she was injured in an automobile accident while a passenger in a vehicle owned and operated by David Garrity. According to the complaint, Garrity had asked defendant's agent, Eugene J. Meyers, to modify his automobile insurance coverage to include a car which he was about to purchase and had been assured by Meyers that the requested coverage would be provided. Shortly after this conversation, the accident took place.

When plaintiff gave notice to Erie of her injuries, the company informed her that Garrity's automobile was uninsured at the time of the accident. Because plaintiff was not herself an insured as that term is defined in the No-fault Motor Vehicle Insurance Act, she was required to submit her claim for basic loss benefits to the Aetna Casualty and Surety Company through the assigned claims plan. Of her total medical expenses of $5,914.84, Aetna paid $1,183.12 (20 percent) and Blue Cross of Northeastern Pennsylvania, which provided plaintiff with

primary coverage, paid $4,731.87 (80 percent). Although plaintiff was fully compensated for her injuries by Aetna and Blue Cross, she seeks damages from Erie in the amount of $4,731.87 on the theory that had Erie not breached its contract with Garrity, she would have been entitled to full payment from Erie in addition to whatever benefits were available to her from Blue Cross.

## DISCUSSION AND LAW

Section 204(a) of the No-fault Act sets forth the general rules for determining the source of basic loss benefits for injuries arising out of a motor vehicle accident:

(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

(1) [not relevant here];

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) [not relevant here];

(5) any other individual is the applicable assigned claims plan.

Act of July 19, 1974, P.L. 489, §204(a), 40 P.S. §1009.204(a). Plaintiff alleges that she was not an insured for the purposes of subsection (2) of §204(a) and therefore subsection (3) required Erie, as the insurer of the Garrity automobile, to provide benefits. Because Erie refused to do so, she applied to the assigned claims plan pursuant to subsection (5).

The reason plaintiff is now in court stems from the fact that when an individual receives basic loss benefits from the assigned claims plan, any bene-

fits received from a collateral source such as hospitalization and medical insurance (with certain exceptions not applicable here) must be subtracted from loss in calculating net loss. 40 P.S. § 1009.108(a)(3). Applied to plaintiff's situation, § 108 of the act obligated the assigned claims insurer to pay only that portion of plaintiff's medical bills not covered by her Blue Cross plan.

There is no provision comparable to § 108(a)(3) when the security for the basic loss benefit is not the assigned claims plan. Thus, if Erie had acknowledged its relationship with Garrity, plaintiff's basic loss benefits would have been paid by Erie *without* any set-off from Blue Cross payments. The act in effect permits duplication of benefits in some instances, unless the insured has availed himself of the option to reduce his automobile or medical insurance premiums, as permitted by sec. 203 of the act, by electing not to purchase and maintain double coverage.

Erie contends first that plaintiff cannot bring this action because she does not allege that she was a party to any contract with Erie or that she was a third party beneficiary of Erie's alleged contract with Garrity. We believe that reliance upon that theory is misplaced. In our view, the No-fault act permits a direct right of action against the applicability security under sec. 204(a), a right which has repeatedly been recognized by the courts. See, e.g., Singer v. Nationwide Ins. Co., 274 Pa. Superior Ct. 359, 418 A. 2d 446 (1980); Hayes v. Erie Ins. Exchange, 261 Pa. Superior Ct. 171, 395 A. 2d 1370 (1978).

Defendant also argues that because plaintiff applied to the assigned claims plan after being turned down by Erie and was totally compensated for her

loss, she has waived any right to recover benefits from another security. Again, we disagree. After learning of Erie's decision, plaintiff was faced with the choice of suing Erie and possibly waiting for a significant amount of time for payment of bills not covered by Blue Cross or seeking reimbursement through assigned claims. We cannot penalize her, and the No-fault act nowhere requires that we do so, for selecting the latter alternative. To permit Erie to assert successfully a waiver theory would in all likelihood encourage insurance companies to deny coverage on a frequent basis in doubtful or close cases, secure in the knowledge that liability will then become the problem of another company under the assigned claims plan and that the victim will have no recourse against them if he chooses to seek assigned claims benefits.

Finally, Erie contends that to allow plaintiff to recover here would be against the policy of the No-fault act. It may be true that the purpose of the act was to lower the cost of automobile insurance, but plaintiff is merely seeking benefits to which she would be entitled under the act if Erie is indeed responsible for providing coverage for the Garrity automobile. That the act may not effectuate its stated purpose is a legislative, not a judicial problem. We are not creating an "absolute right of double recovery," as Erie suggests in its brief.

## ORDER

It is hereby ordered that defendant's preliminary objections to the amended complaint in the nature of a demurrer is overruled and dismissed.