## Oakman v. Allstate Insurance Co.

*Jay Friedenberg*, for plaintiff.
*Brian M. Addison*, for defendant.

GELFAND, *J.*, June 8, 1982—And now, June 8, 1982, upon consideration of the Petition of Chris-

tola Oakman for No-fault benefits, attorney's fees, interest and costs, the answer thereto, together with memoranda of law, oral argument, and depositions in connection therewith it is hereby ordered and decreed that the aforesaid petition for the medical bill of University City X-Ray for physical therapy in the amount of $600 is denied.

It is further ordered and decreed that the petition for attorney's fees and costs is denied.

The matter herein was commenced by the petition of Christola Oakman, (hereinafter plaintiff), for recovery of No-fault benefits pursuant to an insurance policy issued by Allstate Insurance Company, (hereinafter defendant), in accordance with the Pennsylvania No-fault Motor Vehicle Insurance Act, (hereinafter "Act").[1]

However, on July 24, 1981, prior to the time that the herein matter could be concluded by this court, our Superior Court rendered its decision in the case of Floczak v. Nationwide Mutual Insurance Co., 289 Pa. Super. 438, 433 A. 2d 885 (1981), and held that an action for No-fault benefits must be commenced by a complaint or writ of summons and not by petition and rule.

In the instant matter, plaintiff seeks to recover $600 as medical expenses incurred for various modalities of physical therapy treatment including hot packs and massages, which were received after the automobile accident involved herein.

However, the physical therapy services for which plaintiff seeks payment were provided by "technicians" whose sole training to render such services consisted of on the job training administered by plaintiff's physician, (see deposition of Dr. J. L. Sbarbaro, November 20, 1980, pg 16-18); and,

---

1. See 40 P.S. § 1009.101 et seq (supp. 1980-81).

whose training was not sufficient to meet the licensing requirements for a physical therapist.[2]

Although the applicable section of the No-fault Act does provide for payment for "medical and vocational services," it is anticipated that such services would be rendered by parties who are properly accredited to render same in accordance with applicable statutes, requirements and regulations.[3]

Accordingly, it is the view of this court that the Act does not require the basic loss obligor to pay benefits for physical therapy services rendered by technicians who are not qualified as physical therapists pursuant to the Physical Therapy Act,[4] or who are not supervised by someone so qualified when rendering treatment.

Hence, we find that plaintiff did not receive medical services or vocational rehabilitation as anticipated by the No-fault Act; and, accordingly, the petition for the cost of same is denied.

Plaintiff also seeks to recover attorney fees from defendant based upon the time plaintiff's counsel expended on the within matter. However, any claim for such fees is regulated by Section 107(3) of the No-fault Act which provides, inter alia, as follows:

"If, in any action by a claimant to recover no-fault benefits from an obligor, the Court determines that the obligor has denied the claim . . . without reasonable foundation, the Court may award the claimant's attorney a reasonable fee based on actual time expended."

2. See Physical Therapy Practice Act, Act of October 10, 1975, P.L. 383 No.110, 111, 63 P.S. 1302.

3. See Act of July 17, 1974, P.L. 489 No. 176, 40 P.S. §1009.103 (Supp. 1980-81).

4. Supra — Footnote 2.

It is the view of this court that there is a reasonable basis for denial of plaintiff's claim; hence, there is also no basis upon which to grant plaintiff's request for attorney's fees and costs. See Hayes v. Erie Insurance Exchange, 276 Pa. Super. 424, 419 A. 2d 531 (1980), aff'd, 493 Pa. 150, 425 A. 2d 419 (1981).

Accordingly, attorney's fees and costs are denied, and plaintiff's request for medical services as hereinbefore indicated is also denied.