## Tisdale v. Travelers Insurance Co.

*James D. Rosen,* for plaintiff.
*Gladys R. Buck,* for defendant.

MARUTANI, *J.*, January 22, 1985—Before this court are plaintiff's claims under the Pennsylvania No-fault Motor Vehicle Insurance Act (No-fault Act), Act of July 19, 1974, P.L. 489, no. 176, art. I, §101 et seq; 40 P.S. §1009.101 et seq., for (a) interest on delayed payments of No-fault benefits and (b) attorney's fees.

## FACTUAL SUMMARY

The facts are not in dispute. On May 15, 1983, the automobiles being operated by Bernice Rush (Rush) and Michael Solomon (Solomon) collided. The police accident report, dated "5-15-83," listed the names of the two drivers, their home addresses, and the name of Rush's insurance company and policy number.[1] Louis Tisdale (Tisdale), plaintiff in this proceeding, was listed under a section of the police report entitled witness name. In fact, however, Tisdale was a passenger in Solomon's automobile. This fact was confirmed on March 29, 1984, when Rush's depositions[2] were taken by Tisdale's counsel. Neither Tisdale nor Solomon carried automobile insurance coverage.

By letter dated September 1, 1983, Tisdale's counsel mailed to Travelers Insurance Company (Travelers) (the designated insurance company under the Pennsylvania Assigned Claims Plan) an affidavit by Solomon which read:

"I, MICHAEL SOLOMON, being duly sworn according to law deposes and says that on May 15, 1983, Louis Tisdale was a passenger in my car at the time that I was struck by another vehicle on

1. Exhibit P-1.
2. Exhibit D-1.

Chelten Avenue. At that time I was not personally insured for automobile liability insurance.[3]

By reply[4] dated September 19, 1983, Travelers' claim representative responded, in pertinent part—

". . . I have reviewed the factual information regarding the above-captioned claim and I do not feel that it has been proven that this claimant was injured in the accident in question. Without positive information that he was an occupant of the accident vehicle, I cannot extend benefits through Pennsylvania Assigned Claim Plan [sic], I must respectfully decline the claim."

On October 20, 1983, Tisdale filed suit against Travelers. Following an arbitration hearing on July 6, 1984, in which an award was entered in Tisdale's favor, Travelers paid medical expenses and wage losses.[5] Travelers did not, however, pay interest on the award or attorney's fees.

Tisdale claims interest from either September 19, 1983 (the date of Travelers' denial letter) or October 1, 1983 (30 days following Solomon's affidavit of September 1, 1983). Travelers contends that at best interest would not become due until March 29, 1984, when Rush's depositions were taken.

In addition, Tisdale claims attorney's fees, contending that Travelers' denial was "without reasonable foundation" within the meaning of section 107(d) of the No-fault Act.[6]

---

3. Exhibit P-2.

4. Exhibit P-3.

5. Payments made were $4,548.62 for medical benefits and $3,000.00 for wage losses — paid respectively on August 17, 1984 and September 24, 1984 — for a total of $7,548.62.

6. Tisdale's counsel seeks recovery of attorney's fees totalling $2,056.25 for 27 hours and 25 minutes of time at the rate of $75 an hour. The period covered is from September 19, 1983, to December 20, 1984.

## DISCUSSION

### 1. The Claim for 18 percent Interest

As to assessment of interest on overdue payments, it is established that "18 percent interest is owed . . . regardless of the 'good faith' of the insurer or the 'reasonable cause' of the delay." Hayes v. Erie Insurance Exchange, 493 Pa. 150, 155, 425 A.2d 419, 421 (1981), reversing, in part, the Superior Court in Hayes v. Erie Insurance Exchange, 276 Pa. Super. 424, 419 A.2d 531 (1980). Also see, section 106(a)(2) of the No-fault Act. Indeed, the application of the 18 percent interest has been characterized as "automatic." Motley v. State Farm Mutual Insurance Co., 303 Pa. Super. 120, 129, 449 A.2d 607, 612 (1982), affirmed, 502 Pa. 335, 466 A.2d 609 (1983). We find that the submission of the affidavit of September 1, 1983 by Solomon, the operator of the automobile in which Tisdale was an occupant, operated to trigger the time period for calculating the interest due, namely "thirty days after receipt by the obligor of . . . submission of reasonable proof of the fact . . . of loss sustained," No-fault Act, §106(a)(2). It is true that the police accident report listed Tisdale under a section entitled witness name. But, after Travelers received an affidavit from Solomon (concededly a source sympathetic to Tisdale) asserting that Tisdale was a passenger, it was incumbent on that company to inquire further about the accident. Travelers could easily have questioned Rush or her insurance carrier whose name was listed in the police report. There is no evidence that Travelers undertook either step but, rather, was content to rest on its conclusion that Tisdale was a witness.[7]

---

7. By this finding, we are not suggesting that in every instance an insurer has an affirmative duty to engage in investi-

We conclude, therefore, that interest on the delayed payments commenced from October 1, 1983, that is, 30 days after notice to Travelers of Tisdale's status as a passenger injured in the accident.

## 2. The Claim for Attorney's Fees

While factors such as "good faith" may lack currency in weighing imposition of interest, such do have viability when addressing the question of imposition of attorney's fees. Hayes v. Erie Insurance Exchange, 261 Pa. Super. 171, 395 A.2d 1370 (1978), and 276 Pa. Super. 424, 419 A.2d 531 (1980), affirmed as to this issue, 493 Pa. 150, 425 A.2d 419 (1981).

In the matter before this court, there was a police accident report which placed Tisdale as a bystander, i.e. "witness" to the accident. Reliance thereon by Travelers cannot be said to be "without reasonable foundation." No-fault Act, § 107(3). However, such reliance disappeared when Rush's depositions were taken on March 29, 1984. Notwithstanding such evidence, Travelers continued to refuse to pay the interest portion of Tisdale's claim. We therefore find and conclude that attorney's fees began to run after such date. Having reviewed Tisdale's counsel's fees after such date, we find that both the time and services rendered were reasonable, as was the hourly rate. The total net time is 21 hours and 45 minutes, for attorney's fees of $1,631.25.

Wherefore, there is entered the following

---

gatory activity at the risk of having interest imposed against it. Rather, under the facts presented in this case, we conclude that the insurer may not idly stand by in the face of conflicting evidence when the means of resolution were readily available to it.

## ORDER

And now, January 22, 1985, upon hearing and receipt of evidence, and upon consideration of both the law and the evidence, it is hereby adjudged and ordered that a finding is entered in favor of plaintiff, Louis Tisdale, and against defendant, Travelers Insurance Company, for:

1. Interest at 18% calculated from October 1, 1983, to the dates of payments of medical benefits, in the total amount of ................................... $750.52
2. Attorney's fees from March 29, 1984, in the amount of ................... $1,631.25

Total ............................... $2,381.77

Further, if no objections are filed to this decision and order after notice[8] of filing of this decision, the Prothonotary shall proceed in accordance with the provisions of Pa.R.C.P. 227.4

---

8. Copies of this decision and order are being mailed eo die, to counsel of record for both parties.