508 A.2d 1234

**Nora BARWIS, Appellant,**

v.

**GOVERNMENT EMPLOYEES INSURANCE
COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1985.

Filed April 21, 1986.

Arthur G. Nassau, Philadelphia, for appellant.

David M. McCormick, Philadelphia, for appellee.

Before WICKERSHAM, BECK and HOFFMAN, JJ.

BECK, Judge:

This is an appeal from the judgment entered granting the appellee's Motion for Summary Judgment. Appellant, Nora Barwis, contends that the lower court erred by concluding that she is not a "victim" of a motor vehicle accident within the meaning of the Pennsylvania No-Fault Motor Vehicle Insurance Act ("No-Fault Act"), Act of July 19, 1974, P.S. 489, No. 176, § 101 *et seq.*, 40 P.S. § 1009.101 *et seq.*, and as a result is not entitled to No-Fault benefits.[1]

The facts in this case are not in dispute. Appellant was injured when, as she was getting out of her vehicle, her left leg slipped into a hole in the parking lot causing her to lose her balance and fall. Trial Court Opinion at 2. Appellant filed a Pennsylvania No-Fault Motor Vehicle Insurance Act Application for Benefits form with the appellee-insurance carrier in order to be compensated for her medical bills and wage loss. She submitted all medical bills and reports in accordance with the terms of her automobile insurance policy. After the appellee rejected appellant's claim, she sued the insurance carrier for basic loss benefits. The matter was tried before a panel of arbitrators which found for appellant. The appellee appealed the arbitrator's deci-

---

1. The No-Fault Act was subsequently repealed February 12, 1984, P.L. 26, No. 11 § 8(a) effective October 1, 1984 and replaced by Motor Vehicle Financial Responsibility Law Act No. 1984–11. This action arose prior to the repeal of the No-Fault Act.

sion to the Court of Common Pleas of Bucks County, where it filed the Motion for Summary Judgment which led to this appeal.

To uphold summary judgment, there must be not only an absence of genuine factual issues, but also an entitlement to judgment as a matter of law. *Lookenbill v. Garrett*, 340 Pa.Super. 435, 490 A.2d 857 (1985) (citations omitted). We find, however, that the trial court's granting of appellee's motion for summary judgment is premised upon a misconstruction of the dictates of the No-Fault Act. Accordingly, we vacate and remand.

Section 201(a) of the No-Fault Act provides in part: If the accident resulting in injury occurs in this Commonwealth, any *victim* ... is entitled to receive basic loss benefits....

40 P.S. § 1009.201(a) (emphasis added). According to Section 103, a "victim" is "an individual who suffers injury arising out of *the maintenance or use of a motor vehicle."* 40 P.S. § 1009.103 (emphasis added). The statute further mandates that "maintenance or use of a motor vehicle" means the following:

[M]aintenance or *use of a motor vehicle as a vehicle,* including incident to its maintenance or use as a vehicle, occupying, entering into *or alighting from it.* Maintenance or use of a motor vehicle does not include:

(B) conduct in the course of loading or unloading a motor vehicle *unless the conduct occurs while* occupying, entering into, or *alighting from it.*

40 P.S. § 1009.103 (emphasis added). An individual is therefore entitled to recover No-Fault benefits if he or she is injured while alighting from a vehicle in the course of using it as a vehicle. *See Cerrato v. Holy Redeemer Hospital,* 342 Pa.Super. 551, 493 A.2d 728 (1985); *see also Tyler v. Insurance Co. of North America,* 311 Pa.Super. 25, 457 A.2d 95 (1983) (appellant clearly entitled to benefits when injured upon alighting from a bus).

This court has recently interpreted the meaning of the statutory term "alighting" in *Cerrato v. Holy Redeemer*

*Hospital,* 493 A.2d at 728. The facts in *Cerrato* parellel those of the case *sub judice* except for one crucial difference. In *Cerrato,* the appellant was injured when he stepped into a hole in the course of unloading a truck. The court therefore held that:

> [T]o give effect to all of the Act's provisions, we must recognize that here there were two distinct acts: the act of "alighting from" a motor vehicle followed by the separate act of "unloading" the vehicle. We believe that when appellant was injured, *he had completed the act of "alighting from" his delivery truck, for which the No-Fault Act provides coverage,* and was engaged in the act of "unloading" it, for which the Act does not provide coverage. . . . .
>
> . . . .
>
> *. . . The use of a motor vehicle as a vehicle had ended prior to the injury,* and any connection between the use and the accident causing the injury was purely incidental.

*Id.* at 729, 731 (emphasis added) (citations omitted).

Appellant, however, had not yet completed the act of alighting from her vehicle when she was hurt. Consequently, the injury occurred while the appellant was using the motor vehicle as a vehicle.

■ We conclude that appellant was a "victim" within the meaning of Section 201 of the No-Fault Act, and therefore the grant of summary judgment was improper. Our conclusion is in keeping with the principle that we are to construe the Act liberally in favor of extending coverage to an insured. *See e.g. Bills v. Nationwide Mutual Insurance Company,* 317 Pa.Super. 188, 463 A.2d 1148 (1983); *Crawford v. Allstate Insurance Company,* 305 Pa.Super. 167, 451 A.2d 474 (1982).

Summary judgment is vacated and case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.