533 A.2d 765

**TRAVELERS INDEMNITY COMPANY, Appellant**

**v.**

**COMMERCIAL UNION INSURANCE COMPANIES and Swarthmore College.**

Superior Court of Pennsylvania.

Argued Sept. 9, 1987.

Filed Nov. 17, 1987.

Thomas A. Wimmer, Media, for appellant.

Andrew S. Levine, Philadelphia, for appellees.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

When the owner of an uninsured vehicle is struck by an insured vehicle while entering his uninsured vehicle, is the insurance carrier for the insured vehicle a proper source of basic loss benefits under section 204 of the Pennsylvania No-fault Motor Vehicle Insurance Act?[1] (hereinafter "No-fault Act") The trial court held that the designated carrier under the assigned claims plan,[2] Travelers Indemnity Company (hereinafter "Travelers"), appellant herein, was the proper source rather than the insurer of the striking vehicle, Commercial Union Insurance Companies (hereinafter "Commercial Union"). We affirm.

On October 2, 1982, Demetrius Kattes was involved in a motor vehicle accident. The facts are undisputed. At the time Mr. Kattes was injured, he was seated in his uninsured, parked vehicle in the driver's seat, with keys in the ignition, his right hand on the steering wheel. He was in the process of closing the driver's door with his left hand, his left foot was on the ground as he reached to close the door. He was struck by a motor vehicle insured by Commercial Union and owned by Swarthmore College, appellees herein.

Travelers was the assigned obligor for the payment of Kattes' basic loss benefits through the assigned claims plan. Travelers has filed the instant action in order to recoup basic loss benefits paid to Kattes in the amount of $21,303.34. In the court below, both parties filed cross-motions for summary judgment contending that the other party was liable for payment of basic loss benefits. The Honorable Ethan Allen Doty of the Court of Common Pleas of Philadelphia County granted Swarthmore College and Commercial Union's motion and denied the motion filed by Travelers.

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.204, repealed February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.
2. *See* 40 P.S. § 1009.108, repealed.

That Mr. Kattes was a "victim" under section 201 of the No-fault Act and entitled to basic loss benefits is apparently conceded by Travelers. The present controversy concerns only the ultimate security liable for the basic loss benefits for which Mr. Kattes was paid. Section 204 of the No-fault Act, 40 P.S. § 1009.204, establishes "categories and priorities as between insurers responsible for payment of benefits." *Tyler v. Insurance Company of North America,* 311 Pa.Super. 25, 29, 457 A.2d 95, 96–97 (1983) (*quoting Schimmelbusch v. Royal–Globe Insurance Co.,* 247 Pa.Super. 28, 31, 371 A.2d 1021, 1023 (1977)). This section, which creates a hierarchy among potential sources of security provides:

(a) Applicable security.—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

40 P.S. § 1009.204. In determining the source of basic loss benefits under section 204's scheme, the applicability of each preceding subsection must be excluded before the next may be considered. The parties and the lower court concede that subparagraphs (1), (2), and (3) of paragraph (a) do not apply. The parties' dispute centers on whether subparagraph (4) or (5) controls in this case.

Subparagraph (4) directs "an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident [e.g., a pedestrian]," to present his claim to an insurer of any motor vehicle involved in an accident (in this case appellee Commercial Union). Subparagraph (5) provides that all other individual claimants submit a claim to the assigned claims plan (in this case appellant Travelers).

The gravaman of the dispute herein centers around a determination of whether Mr. Kattes was an occupant of his motor vehicle at the time of the accident, which would place him in subparagraph (5), or whether he was a pedestrian, thus placing the liability determination within the confines of subparagraph (4). Because this determination depends on a reading of the facts and circumstances of the specific situation, this case presents a question of first impression in interpreting the now repealed No-fault Act.

The term "occupant" is not defined by the No-fault Act and, therefore, we look to the Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 *et seq.*, and prior case law for guidance. The Statutory Construction Act provides that "[w]ords and phrases shall be construed ... according to their common and approved usage...." *Id.* at § 1903.

"Occupant" is defined as, "one who has the actual use, possession or control of a thing." Black's Law Dictionary 973 (5th ed. 1979).

The term "occupant" was applied to a specific set of facts in *Tyler v. Insurance Company of North America, supra,* wherein the victim had stepped off a bus and was struck by

a motorcycle before she reached the safety of the sidewalk. The *Tyler* court reasoned:

> In general, it can be said that a person who is alighting from a vehicle is still an occupant thereof. He continues to "occupy" the motor vehicle until he severs all connection with it. That point of severance is reached when he becomes highway oriented as opposed to being vehicle oriented. Until then, the alighting passenger continues to be an occupant of the bus. Until such person is on his or her own without reference to the bus, the person has not ceased to be a passenger or occupant. See and compare: *Allstate Insurance Co. v. Flaumenbaum*, 62 Misc.2d 32, 308 N.Y.S.2d 447 (1970) (a passenger who steps out of a taxi cab to pay his fare is still vehicle oriented); *Government Employees Insurance Co. v. Keystone Insurance Co.*, 442 F.Supp. 1130 (E.D.Pa.1977) (a passenger who leaves a vehicle to engage in a fist fight is no longer vehicle oriented).
>
> Applying a vehicle oriented versus highway oriented test to the facts of the instant case, we conclude that at the time of the accident Carol Tyler had not severed her relationship with the bus from which she was alighting. The bus company had a duty, not only to carry her safely, but to afford an opportunity to alight safely. Where, as here, the bus had stopped five feet from the safety of the shoulder, Carol Tyler continued to be vehicle oriented until she reached the shoulder of the road.

311 Pa.Super. at 31, 457 A.2d at 97–98 (citation omitted). Various other cases have addressed this issue. In *Ashcraft v. Lutz & Rockwood,* 256 Pa.Super. 626, 389 A.2d 691 (1978), this court affirmed, by *per curiam* order, a lower court's ruling that the injured plaintiff was a pedestrian as he was working under the hood of his uninsured parked car, although he was actually heading back to the driver's door to enter the vehicle. In *Hayes v. Erie Insurance Company,* 261 Pa.Super. 171, 395 A.2d 1370 (1978), an uninsured owner was deemed to be a pedestrian when she was struck

after she had emerged from her car and was crossing an intersection.

A reading of the aforementioned cases supports a common sense approach to determining Mr. Kattes' status in the present case. Whether we apply the dictionary definition or the *Tyler* highway versus vehicle orientation approach, we reach the same result, that Mr. Kattes was an "occupant" of his vehicle at the time of the accident.[3] Applying the dictionary definition, it is clear from the facts that Mr. Kattes was in actual use, possession or control of his car.

Applying *Tyler's* highway versus vehicle orientation test is slightly more difficult. Appellant argues that *Tyler* stands for the proposition that until the victim has totally severed the last clear orientation, that orientation is the one which controls. Therefore, appellant's argument continues, because Mr. Kattes had not yet removed his foot from the highway, his last clear orientation, i.e., the highway, should control. We do not agree that *Tyler* stands for the proposition as set forth by appellant. A major consideration in *Tyler* was the fact that the bus, as a public carrier, had a duty to afford its passengers an opportunity to alight safely and until the passenger had reached the safety of the curb, the owner of the bus had a duty towards her. In the instant case, there is no similar connection between Mr. Kattes' role as a pedestrian and his act of occupying the car. Therefore, based on an overview of the facts in this case, we agree with the lower court's conclusion that Mr. Kattes should most properly be considered an "occupant" of his vehicle. To conclude otherwise would require a forced analysis, not comporting with common sense or logic.

Accordingly, we affirm the order of the court below.

---

3. This determination appears to be one for the court to make, rather than the trier of fact. Therefore it was proper for the lower court, in ruling on cross-motions for summary judgment, with undisputed facts, to determine that Mr. Kattes was an "occupant" of his vehicle. *Accord: Tyler v. Insurance Company of North America, supra; Barwis v. Government Employees Insurance Co.,* 352 Pa.Super. 604, 508 A.2d 1234 (1986).