418 A.2d 446

Edward J. SINGER,

v.

NATIONWIDE INSURANCE COMPANY, a
corporation, Appellant,

v.

PENNSYLVANIA ASSIGNED CLAIMS PLAN.

Superior Court of Pennsylvania.

Argued Nov. 14, 1979.

Filed Jan. 18, 1980.

Warren D. Ferry, Pittsburgh, for appellant.

Jan C. Swensen, Pittsburgh, for Pennsylvania Assigned Claims Plan, appellee.

Thomas W. Brown, Pittsburgh, did not file a brief for Singer, appellee.

Before CERCONE, President Judge, and LIPEZ and MONTGOMERY, JJ.

CERCONE, President Judge:

Edward Singer, the claimant and appellee, was a passenger in an automobile insured by appellant, Nationwide Insurance Company, when he sustained injuries due to an accident. Nationwide refused to pay Singer's personal injury claim on the basis that Singer was the owner of an automobile that was not insured under the Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq. (Supp. 1979). Nationwide joined the Pennsylvania Assigned Claim Plan (PACP) as an additional defendant in the lawsuit. The lower court granted PACP's preliminary objections to its joinder on the ground that the applicable portion of the statute, 40 P.S. § 1009.204(a)(3), provides that the applicable security for payment of loss benefits where an occupant of an insured vehicle is injured is the security covering that vehicle. Nationwide appealed this order of court, contending that the statute had been misinterpreted. We affirm the order of the lower court.

The text of the applicable statute reads:

"§ 204(a) *Applicable security.*—The security for the payment of basic loss benefits applicable to an injury to:

.    .    .    .    .

(3) The driver or other *occupant of a motor vehicle involved in an accident resulting in injury who is not an insured* is the security covering such vehicle. (Emphasis added).

Under this language, Singer was the "occupant of a motor vehicle involved in an accident resulting in an injury who is not an insured." Accordingly, the security covering such vehicle, i.e., Nationwide, should honor the claim for personal injuries.

Case law supports this interpretation. In *Schimmelbush v. Royal Globe Ins. Co.*, 247 Pa.Super. 28, 371 A.2d 1021 (1977), our court stated, 247 at 31–32, 371 A.2d at 1023:

"The meaning of subparagraphs (1), (2) and (3) of subsection (a) is quite clear. They establish categories and priorities as between insurers responsible for payment of benefits. . . . If a claimant carries insurance, subparagraph (2) directs that the claim must be presented to that insurer. *If the claimant is uninsured, but in an insured vehicle at the time of the accident, subparagraph (3) directs that the claim be submitted to that insurer.*" (Emphasis added).

Although the interpretation is dicta, because the *Schimmelbush* case involved an uninsured driver of an uninsured car, rather than an uninsured occupant of an insured car, we find it an accurate statement of the clear meaning of the statutory language.

Appellant argues that such an interpretation rewards, rather than penalizes, an injured person who owns a vehicle, but is not insured under the No-Fault Act. Our court answered this argument in *Hayes v. Erie Insurance Exchange*, 261 Pa.Super. 171, 395 A.2d 1370 (1978) where we said that "[s]uch an argument should be directed to the Legislature." *Id.*, 261 Pa.Super. 175, 395 A.2d at 1372. The penalty for not procuring insurance under the Act is deemed a misdemeanor under § 601. "Nowhere in the statute, however, is such a person precluded from recovering benefits under the statute. We will not impose on appellee a penalty which the Legislature has deemed it unnecessary to provide." *Id.*

Under the above cited statutory and case law, the lower court in the instant case correctly granted PACP's prelimi-

nary objections against joinder since Nationwide is the proper security for payment of Singer's claim. Accordingly, the order of the lower court is affirmed.