495 A.2d 938

Al'Grie JOHNSON, Appellant

v.

TRAVELERS INSURANCE COMPANY.

Carol KISS, Appellant

v.

The TRAVELERS INSURANCE COMPANY.

Gwendolyn Lola PAULHILL, Appellant,

v.

PENNSYLVANIA ASSIGNED CLAIMS PLAN and
Travelers Insurance Company.

Kenneth ANDRE, Appellant,

v.

ESIS, INC.

Martin J. ADDARAIO, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, as Designee of
Pennsylvania Assigned Claims Plan.

Clarence JOHNSON, Appellant,

v.

The TRAVELERS INSURANCE COMPANY
and Larry Samuel.

Joan WAINWRIGHT, Appellant,

v.

The TRAVELERS INSURANCE COMPANY.

Herbert PETTAWAY, Appellant,

v.

The TRAVELERS INSURANCE COMPANY.

Perry STEWART and Daniel Watson, Appellants,

v.

The TRAVELERS INSURANCE COMPANY.

Salvatore GUINTA, Appellant,

v.

INSURANCE COMPANY OF NORTH
AMERICA and Esis, Inc.

Julia CLARK, Appellant,

v.

The TRAVELERS INSURANCE COMPANY.

Paul C.F. SPRINGER, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, as Designee of the Pennsylvania Assigned Claims Plan.

George BOBB, Appellant,

v.

TRAVELERS INSURANCE COMPANY and Pennsylvania Assigned Claims Plan.

Michael T.A. LAWLOR, Appellant,

v.

The TRAVELERS INSURANCE COMPANY.

Rosemary RUGGIERI, Appellant,

v.

PENNSYLVANIA ASSIGNED CLAIMS PLAN and Travelers Insurance Company.

Superior Court of Pennsylvania.

Argued and Submitted March 4, 1985.

Filed June 7, 1985.

Reargument Denied Aug. 5, 1985, in No. 566 (Lawlor).

Petition for Allowance of Appeal Denied Oct. 31, 1985.

Charles W. Craven, Philadelphia, for appellee at 566PHL84.

Georgę F. Schoener, Jr., Philadelphia, for appellant at 566PHL84.

Joseph P. Grimes, Philadelphia, for appellant at 846PHL84.

John J. Branigan, Philadelphia, for appellant at 3009PHL83.

Michael C. Rainone, Philadelphia, for appellant at 3199PHL83.

Neal Cohen, Philadelphia, for appellant at 3254PHL83.

Susan B. Bolno, Philadelphia, for appellant at 3394PHL83.

Arnold H. Winicov, Philadelphia, for appellants at 159 and 679PHL84.

Michael S. Durst, Philadelphia, for appellant at 170PHL84.

Brian D. Rosenthal, Philadelphia, for appellants at 284 and 283PHL84.

Neil Hoffman, Philadelphia, for appellant at 424PHL84.

Gary A. Devito, Philadelphia, for appellant at 509PHL84.

Ronald A. Kovler, Philadelphia, for appellant at 571PHL84.

Allen L. Feingold, Philadelphia, for appellant at 769PHL84.

David M. McCormick, Philadelphia, for appellees.

Before ROWLEY, WATKINS and GEISZ, JJ.[*]

## OPINION OF THE COURT

ROWLEY, Judge:

The issue presented in each of the fifteen above-captioned appeals is whether an uninsured owner-operator of a motor vehicle who sustains injuries in an accident with another allegedly negligent uninsured motorist [1] may recover unin-

---

[*] Judge John A. Geisz, Senior Judge of the court of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

[1]. The question presented is phrased as if every case involved an accident between two uninsured motorists. However, in at least four cases, (Appeal Numbers: 566 Philadelphia, 1984; 846 Philadelphia, 1984; 3254 Philadelphia, 1983; 3199 Philadelphia, 1983), the record reveals that appellants were involved in accidents with another allegedly negligent motorist who immediately fled the scene. Thus, although it is impossible to determine whether the other motorist was insured, the practical result is that no basic loss insurance applies to the injury resulting from the accident. In such a case, the question presented is the same, that is, whether the injured uninsured motorist

sured motorist benefits from an assigned claims plan insurer under the Pennsylvania No-Fault Motor Vehicle Insurance Act (No-Fault Act). 40 P.S. §§ 1009.101–1009.701. We have carefully reviewed the provisions and underlying purposes of the No-Fault and Uninsured Motorist Acts, recent decisions by our courts, and the arguments advanced by the parties to these appeals. We conclude that an owner of a motor vehicle who fails to obtain insurance in accordance with the No-Fault Act, and then sustains injuries while *operating* that vehicle on Pennsylvania's highways, is not entitled to recover uninsured motorist benefits from an assigned claims plan insurer.

The following essential facts are common to the cases that have been consolidated for decision: 1) each appellant was the owner of a motor vehicle and had failed to provide insurance covering that motor vehicle as required by the No-Fault Act for its legal operation on the public highways of this Commonwealth, 40 P.S. § 1009.104(a); 2) each appellant operated his or her motor vehicle on the highways of this Commonwealth despite the fact that no security existed covering that vehicle as required by law; 3) while operating his or her motor vehicle, each appellant was involved in an accident with another motorist in which the appellant sustained injuries; 4) the other motorist involved in each accident was either uninsured or the motorist fled the scene immediately thereafter and was not identified.

Under these circumstances, the injuries sustained by the appellants were not covered by any applicable motor vehicle insurance policy providing for payment of basic loss benefits under the No-Fault Act. Thus, in each case, the appellant submitted a claim for basic loss and uninsured motorist benefits to the Pennsylvania Assigned Claims Plan pursuant to 40 P.S. § 1009.108 of the No-Fault Act. Under the Plan, each claim was assigned to a participating insurer and in many cases, the assigned insurer paid the applicable

is entitled to recover uninsured motorist benefits under the assigned claims plan.

No-Fault basic loss benefits to the appellant.[2]  However, in each case, the appellant's claim for uninsured motorist benefits was denied and the appellant then filed an action against the assigned insurer seeking recovery of *uninsured* motorist benefits.[3]

In each case, the appellant asserted that he or she was not at fault for the accident and that the assigned insurer was required to pay uninsured motorist benefits on the basis of our Supreme Court's decision in *Tubner v. State Farm Mutual Automobile Insurance Company,* 496 Pa. 215, 436 A.2d 621 (1981).  Although the procedural posture varied, in each case, the trial court either: 1) sustained preliminary objections filed by the insurer and dismissed the appellant's complaint seeking uninsured motorist benefits; or 2) granted a motion for summary judgment in favor of

**2.**  In ten cases, appellant's claim for basic loss benefits was paid by the assigned insurer (Appeal Numbers: 3009 Philadelphia, 1983; 2199 Philadelphia, 1983; 3254 Philadelphia, 1983; 3394 Philadelphia, 1983; 5401 Philadelphia, 1983; 170 Philadelphia, 1984; 283 Philadelphia, 1984; 284 Philadelphia, 1984; 509 Philadelphia, 1984; and 846 Philadelphia, 1984).  In four other cases, it is unclear whether basic loss benefits were paid to appellants (Appeal Numbers: 159 Philadelphia, 1984; 571 Philadelphia, 1984; 679 Philadelphia, 1984; and 769 Philadelphia, 1984).  In one case, appellant withdrew his claim for basic loss benefits (Appeal Number: 566 Philadelphia, 1984).

**3.**  Although each case presents the same question, there are a number of procedural differences among them.  Appellants at Appeal numbers 3394 Philadelphia, 1983 and 566 Philadelphia, 1984 initiated actions at the arbitration level which resulted in awards in their favor of $10,000 and $15,000, respectively, against the designated insurer.  In both cases, the insurer appealed to the Court of Common Pleas.  At the trial court level, appellants' claims for uninsured motorist benefits were eventually dismissed.

In the case at Appeal number 3009 Philadelphia, 1983, appellant also instituted suit against the other uninsured motorist involved in the accident which resulted in a judgment in favor of appellant in the amount of $17,000.  That judgment remained unsatisfied at the time briefs were submitted to this Court.

In the case at Appeal number 679 Philadelphia, 1984, appellant's suit against the other uninsured motorist was still pending at the time that briefs were submitted to this Court.

the insurer on the issue of uninsured motorist benefits.[4] These appeals followed.

Appellants' sole contention on appeal is that they are entitled to recover uninsured motorist benefits from the assigned claims plan insurer despite their status as uninsured owner-operators of motor vehicles at the time of the accidents which resulted in their injuries. We find that such a result is neither mandated by the express language of the No-Fault Act, nor was it intended by the legislature.

The avowed purpose of the legislature in enacting the No-Fault Act was twofold: to establish a "statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims" and to establish that system "at a reasonable cost to the purchaser of insurance". 40 P.S. § 1009.102. Basic loss benefits compensate the victim for net loss sustained by him or her, exclusive of damage to property.[5] In addi-

---

4. In the cases at Appeal numbers 3254 Philadelphia, 1983, 3394 Philadelphia, 1983, 170 Philadelphia, 1984 and 283 Philadelphia, 1984, the assigned insurer-defendant counterclaimed against appellants for reimbursement of basic loss benefits already paid pursuant to 40 P.S. § 1009.501 of the No-Fault Act. In each of these cases, the trial court not only granted the insurer's motion for summary judgment on the issue of uninsured motorist benefits, but also entered judgment in favor of the insurer on the counterclaim. The only issue raised on appeal from these judgments, however, is whether appellants are entitled to uninsured motorist benefits.

Similarly, in the cases at Appeal numbers 5401 Philadelphia, 1983, 509 Philadelphia, 1984, and 846 Philadelphia, 1984, the assigned insurer-defendant counterclaimed against appellants for reimbursement of basic loss benefits already tendered. However, the trial court's orders in those cases resolved only the issue regarding appellants' entitlement to uninsured motorist benefits.

5. Section 103 of the No-Fault Act defines basic loss benefits as follows:

'Basic loss benefits' means benefits provided in accordance with this act for the net loss sustained by a victim, subject to any applicable limitations, exclusions, deductibles, waiting periods, disqualifications, or other terms and conditions provided or authorized in accordance with this act. Basic loss benefits do not include benefits for damage to property. Nor do basic loss benefits include benefits for net loss sustained by an operator or passenger of a motorcycle.

tion to providing for basic loss benefits in accordance with the No-Fault Act, every automobile policy issued in Pennsylvania must include uninsured motorist coverage pursuant to the provisions of the Uninsured Motorist Act, 40 P.S. § 2000, and Insurance Department Regulations, 31 Pa.Code § 66.1–104(a) Uninsured motorist benefits provide protection for insured persons who are injured by owners or operators of uninsured motor vehicles. 40 P.S. § 2000(a).[6]

In situations where there is no insurance applicable to a motor vehicle accident, an accident victim may obtain basic loss benefits through the assigned claims plan, set forth in Section 108 of the No-Fault Act. 40 P.S. § 1009.108. Under the Plan, claims for No-Fault benefits are assigned to participating insurers [7] and thereafter "[t]he assignee has

40 P.S. § 1009.103. Basic loss benefits include allowable expenses (as defined in Section 103), work loss, replacement services losses and survivors losses. 40 P.S. § 1009.202.

**6.** The Uninsured Motorist Act provides, in pertinent part:

(a) No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly ... under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom.

40 P.S. § 2000(a).

The No-Fault Act was enacted eleven years after passage of the Uninsured Motorist Act. There is no explicit reference to the Uninsured Motorist Act in the No-Fault Act. Nonetheless, both statutes deal with compensation for losses from injuries occurring in connection with motor vehicles and the obligation of motor vehicle owners to obtain insurance, as well as the obligations of motor vehicle insurers who issue policies in Pennsylvania. Thus, if possible, the two Acts are to be construed together. 1 Pa.Cons.Stat. § 1932. *See Tucci v. State Farm Insurance Company,* 503 Pa. 447, 469 A.2d 1025 (1983), for a discussion of the interrelationship between the two Acts.

**7.** The participating insurers in the Plan consist of all insurance companies who provide basic loss insurance in Pennsylvania. 40 P.S. § 1009.108(b).

rights and obligations as if he had issued a policy of basic loss insurance ..." 40 P.S. § 1009.108(b). The Plan does not expressly provide for recovery of uninsured motorist benefits. However, the right to recover such benefits under the Plan has been recognized under certain limited circumstances.

In *Tubner v. State Farm Mutual Automobile Insurance Co., supra,* a *passenger* in an uninsured automobile sustained fatal injuries in a motor vehicle accident. The victim did not own a motor vehicle and there was no other applicable insurance coverage. The designated insurer under the assigned claims plan paid basic loss benefits but refused payment of uninsured motorist benefits, and the decedent's estate then brought suit against the assigned insurer to recover those benefits. The Supreme Court held that under these circumstances an accident victim who is a passenger in an uninsured automobile is entitled to recover uninsured motorist benefits from the assigned claims plan insurer. The Court stated:

> Because assigned insurers are obligated precisely *as if they had issued basic loss insurance policies,* and because *every* policy of basic loss insurance issued in Pennsylvania *must include uninsured motorist coverage,* [31 Pa.Code § 66.1–104(2)] the right to uninsured motorist benefits under the assigned claims plan follows a *fortiori* from a straightforward reading of the statute and the regulation lawfully promulgated thereunder.
>
> Any other interpretation of appellee's statutory rights under the assigned claims plan would frustrate the Legislature's intention, expressed in Section 102 of this remedial legislation, to provide maximum feasible restoration to all accident victims in a comprehensive, fair, and uniform manner. Adoption of State Farm's view would have the discriminatory effect of affording recovery of general damages to all motor vehicle accident victims injured by uninsured motorists except those covered by the assigned claims plan, and thus would perpetuate many of the harsh results of the outdated fault system by denying general

damages to innocent victims of irresponsible drivers. (Footnotes omitted.)

*Id.*, 496 Pa. at 219–20, 436 A.2d at 623.

Appellants herein urge that they are entitled to payment of uninsured motorist benefits under the holding in *Tubner* because they are "innocent victims" who did not cause the accidents resulting in their injuries. Appellants assert that the No-Fault Act was intended to provide maximum feasible restoration to all accident victims, and neither the terms of the Act or the language in *Tubner* make a distinction between accident victims who have obtained insurance and those who have not. On the contrary, we find that affording uninsured motorist coverage to uninsured owner-operators of motor vehicles under the assigned claims plan would be in contravention of both the provisions of the No-Fault Act and the rationale underlying the decision in *Tubner*.

Section 104(a) of the No-Fault Act requires that every owner of a motor vehicle registered or operated in Pennsylvania must provide security covering that vehicle. 40 P.S. § 1009.104(a). Section 601 of the No-Fault Act provides:

Any owner of a passenger vehicle, for which the existence of security for basic loss benefits and tort liability insurance is a requirement for its legal operation upon the public highways of this State, under either section 104 or 110 of this act or sections 418, 419 or 420, act of April 29, 1959 (P.L. 58, No. 32), known as the Vehicle Code, who operates such motor vehicle or permits it to be operated upon a public highway in this State without having in full force and effect security complying with the terms of section 104 is guilty of a misdemeanor. And any other person who operates such a motor vehicle upon a public highway in this Commonwealth with the knowledge that the owner does not have such security in full force and effect is guilty of a misdemeanor. And each person convicted of a misdemeanor under the terms of this section may be fined not less than one hundred dollars ($100) or more than five hundred dollars ($500) or

may be imprisoned for not more than six months or both. (Footnotes omitted.)

40 P.S. § 1009.601. *Tubner* involved a passenger in an uninsured motor vehicle who did not even own an automobile and, thus, was not required to obtain automobile insurance. The holding in *Tubner* is consistent with the legislature's intent to provide maximum feasible restoration to all individuals injured on Pennsylvania's highways through a comprehensive and fair system. 40 P.S. § 1009.108(b); *Tubner v. State Farm Mutual Automobile Insurance Company*, 496 Pa. at 218, 436 A.2d at 622. Refusing uninsured motorist coverage under the assigned claims plan to the victim in *Tubner* would penalize that person because he happened to have been injured by a financially irresponsible driver. Moreover, affording uninsured motorist coverage to an injured passenger who does not own an automobile is in accordance with the terms of the Uninsured Motorist Act, which was designed to give monetary protection to persons who, while lawfully traveling on Pennsylvania's highways, suffer injuries through the negligent use of those highways by others. 40 P.S. § 2000; *Boyle v. State Farm Mutual Automobile Insurance Company*, 310 Pa. Super. 10, 456 A.2d 156 (1983).

These same considerations, however, do not support extending the *Tubner* decision to afford uninsured motorist protection under the assigned claims plan to appellants herein. Although appellants may not have been "at fault" in driving their vehicles or in causing the accidents which resulted in their injuries, in each case, the appellant was operating his or her vehicle *in violation of the express provisions of the No-Fault Act.* Unlike the decedent in *Tubner*, appellants are financially irresponsible drivers who seek to recover uninsured motorist benefits under the terms of a statute with which they carelessly failed to comply. Hence, the holding in *Tubner* does not control the outcome of the cases now before us. Moreover, our review of other provisions of the No-Fault Act demonstrates that the legislature intended to differentiate between the rights afforded

to injured, *uninsured* owner-operators and the rights afforded to other accident victims.[8]

Although the No-Fault Act partially abolished tort liability for injuries arising out of the maintenance or use of a motor vehicle up to a statutorily mandated threshold, 40 P.S. § 1009.301, the Act specifically provides that the owner of a motor vehicle involved in an accident shall remain liable if that vehicle was not properly insured. 40 P.S. § 1009.-301(a)(1). More importantly, Section 501 of the No-Fault Act provides:

> The obligor obligated to pay basic loss benefits for accidental bodily injury to a person occupying a motor vehicle, the owner of which is uninsured pursuant to this act or to the spouse or relative resident in the household of the owner or registrant of such motor vehicle, shall be entitled to recover all the benefits paid and appropriate loss or adjustments costs incurred from the owner or registrant of such motor vehicle or from his estate. The failure of the person to make payment within thirty days shall be grounds for suspension or revocation of his motor vehicle registration and operator's license.

40 P.S. § 1009.501.

In *Harleysville Mutual Insurance Company v. Schuck,* 302 Pa.Super. 534, 449 A.2d 45 (1982), this Court held that

---

**8.** In *Hayes v. Erie Insurance Exchange,* 261 Pa.Super. 171, 395 A.2d 1370 (1978), our court held that an uninsured owner of a motor vehicle who parked her vehicle and was struck while walking across an intersection was entitled to recover basic loss benefits from the insurer of the vehicle which struck her. *See also, Singer v. Nationwide Insurance Company,* 274 Pa.Super. 359, 418 A.2d 446 (1980) [uninsured owner of motor vehicle who was injured while a passenger in an insured automobile was entitled to recover basic loss benefits from the automobile's insurer under 40 P.S. § 1009.204(a)(3) ]. Some of the appellants herein rely on *Hayes* and *Singer* to the effect that the failure to obtain No-Fault insurance coverage does not preclude the recovery of benefits under the No-Fault Act. These cases are easily distinguishable from the instant cases. *Hayes* and *Singer* involved situations where there was an insurance policy applicable to cover the losses sustained by the uninsured motorist. Claims were made under the policy for *basic loss benefits* rather than uninsured motorist benefits. Finally, plaintiffs in *Hayes* and *Singer* were not operating their vehicles at the time of the accidents that resulted in their injuries.

an insurer who has paid basic loss benefits to an uninsured owner-occupant of a motor vehicle pursuant to the assigned claims plan may recover those payments in an action filed against the owner under Section 501. The Court observed that Section 501 clearly directs that an uninsured owner bears the ultimate risk of loss when an uninsured motorist claim is submitted under the assigned claims plan. The Court stated:

> While such an interpretation of Section 501 may appear, at first blush, to take away benefits granted by another part of the Act, we are constrained to conclude that the only construction consistent with the intended purpose of the no-fault scheme is one which uniformly places the ultimate risk of loss upon the uninsured owner.
>
> The effect of a contrary interpretation would be to permit the owner/operator of an uninsured motor vehicle to benefit permanently from a law whose requirements he or she deliberately chose to disobey.

*    *    *    *    *    *

> It would be incongruous to allow an uninsured owner who also happens to be an occupant of his or her uninsured vehicle to receive permanently those benefits which insured owners attain by purchasing the insurance coverage mandated by the statute. Similarly, it is nonsensical to allow an uninsured owner/occupant to escape liability which has been unequivocally established for uninsured owners and to which he or she would be required to respond if the occupant were another person.

*Id.*, 302 Pa.Superior Ct. at 538, 449 A.2d at 46–47.

Therefore, although an uninsured owner-operator would be entitled to recover basic loss benefits under the assigned claims plan, the ultimate risk of loss would remain with the uninsured owner. The rationale behind this rule is to provide prompt and comprehensive medical treatment in order to effectuate rehabilitation and a timely return to society as a productive member; only then would a determi-

nation of ultimate liability be made. *Id.*, 302 Pa.Superior Ct. at 538–39, 449 A.2d at 47.[9]

The language of Section 501, and the construction placed on that section by our court, support our conclusion that an owner of a motor vehicle bears the risk of loss which is normally covered by uninsured motorist protection when he chooses to drive that vehicle without bothering to obtain the necessary insurance. There is no rationale for requiring the assigned insurer to pay uninsured motorist benefits in the first instance under these circumstances. Unlike basic loss benefits, uninsured motorist benefits are not necessarily related to medical treatment and rehabilitation. Since passage of the No-Fault Act, uninsured motorist benefits are sought to compensate an accident victim for those damages suffered which are not covered by No-Fault benefits, for example, pain and suffering. *See Tucci v. State*

---

**9.** Nevertheless, in *Ostronic v. Insurance Company of North America,* 314 Pa.Super. 146, 460 A.2d 808 (1983), this Court held that the estate of an uninsured deceased owner-operator is *not* entitled *to* recover basic loss benefits from an assigned claims plan insurer. The *Ostronic* court held that the legislature did not intend that the assigned risk obligor would be required to pay benefits to the estate of an uninsured deceased owner-driver, which benefits would then be immediately recoverable by the obligor. The Court observed that the rationale for requiring payment of basic loss benefits to a living uninsured motorist, enunciated in *Harleysville Mutual Insurance Company v. Schuck, supra,* did not exist in a situation where the uninsured owner is deceased. The Court stated:

> It is evident that the Appellants urge a position which would enable the estates of irresponsible vehicle owners to profit through wrongdoing by the decedent. This result could never have been intended by our legislators in the passage of the No-fault Act.
>
> The situation of a deceased uninsured owner is obviously different from that of a living one with regard to the question of whether an initial payment of benefits should be made by the assigned risk insurer.
>
>     \*    \*    \*    \*    \*    \*
>
> In the situation of a deceased victim, the justification of speeding treatment and rehabilitation simply does not apply. We can perceive no other legislative intent in the Act to support a rule requiring payment to an uninsured deceased owner's estate in such a case, with undeserved enrichment for the estate and unrecoverable losses by the assigned risk insurer being the probable results in such circumstances. (Footnotes omitted.)

*Id.*, 314 Pa.Superior Ct. at 156–157, 460 A.2d at 813–814.

*Farm Insurance Company,* 503 Pa. 447, 469 A.2d 1025 (1983); *Brader v. Nationwide Mutual Insurance Company,* 270 Pa.Super. 265, 411 A.2d 516 (1979). Uninsured motorist benefits were created to protect innocent insured victims from negligent motorists who drive their vehicles without obtaining insurance. Under *Tubner* that protection has been extended to innocent passengers and pedestrians who are injured in accidents with uninsured motorists through the assigned claims plan. We cannot perceive that in enacting the No-Fault Act the legislature intended to extend uninsured motorist protection to the very class of persons whose financially irresponsible conduct was the cause for creation of statutorily mandated uninsured motorist coverage.

Uninsured owner-operators of motor vehicles should not be guaranteed the same benefits afforded to motorists who obtain the mandated insurance coverage. If such protection is made available to uninsured owner-operators who do not pay premiums, insurers' rising costs would necessitate increased insurance rates to the disadvantage of responsible drivers who purchase insurance policies. *See Ostronic v. Insurance Company of North America,* 314 Pa.Super. 146, 156, 460 A.2d 808, 813 (1983). Such a holding would discourage motor vehicle owners from insuring their vehicles and would run contrary to the legislature's intent to create a uniform, fair and low cost system of insurance.

Appellants urge that they are entitled to such coverage because they were not negligent in the operation of their vehicles. Some appellants rely on language in *Modesta v. South Eastern Pennsylvania Transportation Authority,* 503 Pa. 437, 469 A.2d 1019 (1983), wherein our Supreme Court held that uninsured occupants of self-insured vehicles are entitled to receive uninsured motorist benefits. The relevant portion of the opinion reads as follows:

[U]ntil today there were two groups of individuals who received no uninsured motorist protection: uninsured mo-

torists who caused accidents, and uninsured occupants of self-insured vehicles. It is reasonable to deny uninsured motorist coverage to the first group, since they have not only chosen not to comply with the mandatory insurance law, but have also caused the accidents which resulted in their injuries; ...

*Id.*, 503 Pa. at 443, 469 A.2d at 1022–1023. Insofar as the quoted language implies that uninsured motorist protection is available to uninsured owner-operators of motor vehicles who do not cause the accidents resulting in their injuries, it is dicta, since that question was not before the court in *Modesta*. Moreover, we hold that a finding of fault on the part of an uninsured owner-operator is not a prerequisite to denying uninsured motorist benefits under the assigned claims plan. Appellants may not have caused the accidents resulting in their injuries, but that does not excuse the fact that they operated their vehicles on Pennsylvania's highways with the knowledge that they had not obtained insurance. Under these circumstances, it is clear that appellants bore the risk that they might suffer injuries for which they had no insurance protection. Any other holding would place a burden on insurers that was not intended by the legislature and would allow appellants to profit despite their violation of the Legislative mandate.

Accordingly, the Orders sustaining preliminary objections and dismissing appellants' complaints are affirmed. The Judgments entered in favor of the insurers following the grant of motions for Summary Judgment are likewise affirmed.