Thomas Patrick WALSH, Ann C. Walsh, and James Walsh

v.

**ROYAL INSURANCE COMPANY.**

Civ. A. No. 88–5618.

United States District Court, E.D. Pennsylvania, Philadelphia Division.

Nov. 18, 1988.

**554**

Thomas A. Cunningham, Plymouth Meeting, Pa., for plaintiffs.

Andrew Siegeltuch, Sweeney, Sheehan & Spencer, Philadelphia, Pa., for defendant.

## MEMORANDUM

LUDWIG, District Judge.

This is a declaratory judgment action involving uninsured motorist benefits. Jurisdiction is diversity. 28 U.S.C. § 1332.

On July 22, 1986, while operating his uninsured motorcycle, plaintiff James Walsh was injured in a collision with an automobile that also was uninsured. At the time of the accident his parents, plaintiffs Thomas Patrick Walsh and Ann C. Walsh, maintained insurance on their automobiles with defendant Royal Insurance Company. Plaintiffs claim that James Walsh, as a "resident relative" insured, living in his parents' household, is entitled to uninsured motorist benefits under defendant's policy.

Defendant moves for summary judgment, Fed.R.Civ.P. 56(c),[1] contending that James Walsh should not be able to avail himself of such coverage inasmuch as his uninsured use of his motorcycle constituted a violation of Pennsylvania law.[2] Because his recovery of uninsured motorist benefits would not, as a matter of law, contravene the Pennsylvania Uninsured Motorist Act,[3] or otherwise invoke the sanction asked for, summary judgment will be denied.

For the purpose of defendant's motion, James Walsh is conceded to be an intended beneficiary of uninsured motorist coverage, a "class one" insured under the terms of the insurance policy.[4] *See Utica Mutual Ins. Co. v. Constrisciane,* 504 Pa. 328, 340, 473 A.2d 1005, 1011 (1984). *See also Estate of Rosato v. Harleysville Mutual Ins. Co.,* 328 Pa.Super. 278, 285, 476 A.2d 1328, 1333–34 (1984) (motorcycle passenger struck by uninsured motorist, being a "class one" insured under her father's policy was covered as a specifically intended beneficiary of the policy, although not a

---

1. On a motion for summary judgment, movant bears the initial responsibility of informing the court of the basis for its motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has pointed out the absence of a dispute as to material facts, the non-movant must go beyond the pleadings and show that there is a genuine issue for trial. *Id.* at 323–24, 106 S.Ct. at 2553–54.

2. No provision of the Uninsured Motorist Act, Pa.Stat.Ann. tit. 40, § 2000 (Purdon 1971), requires the owner of a motor vehicle to carry liability insurance. Other provisions of Pennsylvania law, however, make motor vehicle insurance or other financial responsibility mandatory. *See, e.g.,* 31 Pa.Code § 66.111(a) (1980) (motorcycle insurance); 75 Pa.Cons.Stat.Ann. § 1781 (Purdon Supp.1988) (loss of operating privileges or vehicle registration for lack of financial responsibility).

3. Section 2000(a), which requires motor vehicle liability insurance to include uninsured motorist coverage, provides in part:
   No motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in the state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . .

4. Part C (Insuring Agreement) provides:
   We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
   1. sustained by a covered person; and
   2. caused by an accident.
       *    *    *    *    *    *
   "Covered person" as used in this part means
   1. You or any family member (resident relative).
   2. Any other person occupying your covered auto.
   3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above.

named insured or a premium payor). The question presented by the motion is whether public policy considerations arising from his failure to have the motorcycle insured should deprive James Walsh of insured status or bar his recovery of benefits. The insurance policy itself does not contain an applicable exclusion.

Substantive determinations in this action are controlled by state law. It is agreed that Pennsylvania law governs and that since the Pennsylvania Supreme Court has not decided the issue, it is necessary to predict what its decision would be. *Prudential Property and Casualty Ins. Co. v. Lawrence Pendleton*, 858 F.2d 930 (3d Cir. 1988); *Campagnie Des Bauxites de Guinee v. Ins. Co. of N. Am.*, 724 F.2d 369, 371 (3d Cir.1983). In this prediction process, the pertinent rulings of all of the state's courts may be considered. *See Prudential*, at 934.

Neither the Pennsylvania statutes nor the cases set forth or lead to the public policy analysis that is suggested by defendant. Instead, what they make clear is that a class one insured may not be divested of uninsured motorist benefits. The Pennsylvania Uninsured Motorist Act does not specify or look to such a result. Moreover, the state's financial responsibility law, *see supra* note 2, provides specific penalties and permissible exclusions not including the loss of uninsured motorist benefits. Title 75, § 1718. In two decisions, the Pennsylvania Superior Court has gone so far as to invalidate insurance policy ex-

clusions of benefits for owner-operators of uninsured vehicles, as repugnant to the Pennsylvania Uninsured Motorist Act,[5] and other cases support the same conclusion.

In *Bankes v. State Farm Mutual Auto. Ins. Co., supra,* the Pennsylvania Superior Court observed that "[t]here ... appears to be a definite legislative intent to ... extend uninsured motorist coverage even to individuals occupying uninsured automobiles.... In effect [the Act] provides a substitute for compulsory automobile insurance." *Id.* at 168, 264 A.2d at 199. As noted in *Bankes,* before Pennsylvania Senate Bill 961 of 1968 was enacted, amending the Uninsured Motorist Act, a proposed provision to exclude such insureds from uninsured motorist benefits was removed. *See also Wilbert,* 254 Pa.Super. at 224–25, 385 A.2d at 990–91.

The cases cited by defendant are inapt. In *Johnson v. Traveler's Ins. Co.,* 343 Pa. Super. 560, 495 A.2d 938 (1985) and *Brown v. Traveler's Ins. Co.,* 355 Pa.Super. 535, 513 A.2d 1051 (1986), attempts were made to recover uninsured motorist benefits from assigned claims plan insurers under the (now repealed) No–Fault Motor Vehicle Insurance Act.[6] The Pennsylvania Supreme Court disallowed coverage, holding that an owner could recover from an assigned claims plan [7] basic losses (e.g., medical expenses), but not non-economic losses (e.g., pain and suffering). It found that this Act was not intended to give uninsured motorist benefits to accident victims who did not obtain the automobile insurance it

---

**5.** *Wilbert v. Harleysville Ins. Co.,* 254 Pa.Super. 217, 220–21, 385 A.2d 987, 989 (1978) (exclusion: "bodily injury to an insured while occupying an automobile other than insured automobile owned by the named insured or a relative"); *Bankes v. State Farm Mutual Auto. Ins. Co.,* 216 Pa.Super. 162, 165, 264 A.2d 197, 198 (1970) (exclusion: uninsured motorist coverage for motorcycle owned by named insured but not covered under policy). *See also Adelman v. State Farm Mutual Auto. Ins. Co.,* 255 Pa.Super. 116, 129–30 n. 19, 386 A.2d 535, 542 n. 19 (1978) (if exclusion where insured occupying uninsured automobile were permitted, insured would be left without protection contemplated by statute); *Guerriero v. Potomac Ins. Co.,* 69 Pa.D. & C. 2d 77 (C.P. Lycoming 1974) (death benefits for insured driving uninsured vehicle recoverable despite exclusion).

**6.** Act of July 19, 1974, P.L. 489, No. 176, Pa.Stat. Ann. tit. 40, §§ 1009.101–1009.107 repealed by the Act of February 12, 1984, P.L. 26, No. 11, § 8(a) (effective October 1, 1984).

**7.** Title 40, § 1009.108 provided that where there is no insurance applicable to a motor vehicle accident, a victim may obtain basic loss benefits through the assigned claims plan. Under the plan, claims for no-fault benefits were assigned to participating insurers (all insurance companies that provide basic loss insurance in Pennsylvania), and thereafter "[t]he assignee has rights and obligations as if he had issued a policy of basic loss insurance...." *Id.* § 1009.108(b). *See Johnson,* 343 Pa.Super. at 567–68, 495 A.2d at 941–42.

mandated.[8] "The effect of a contrary interpretation would be to permit the owner/operator of an uninsured motor vehicle to benefit permanently from a law whose requirements he or she deliberately chose to disobey." *Johnson*, 343 Pa.Super. at 572, 495 A.2d at 944 (quoting *Harleysville Mutual Ins. Co. v. Schuck*, 302 Pa.Super. 534, 538, 449 A.2d 45, 47 (1982)).

Here, recovery is sought under the Uninsured Motorist Act, which, unlike No–Fault, does not require accident victims to have automobile insurance. Given its legislative history, as articulated in *Bankes* and *Wilbert*, that requirement should not be implied. *Cf. Commonwealth v. Bigelow*, 484 Pa. 476, 484, 399 A.2d 392, 395 (1979) (where section of statute contains a provision, omission of such a provision from a similar section is significant to show a different intent); *Pennsylvania Agr. Co-op v. Ezra Martin Co.*, 495 F.Supp. 565, 570 (M.D.Pa.1980). In addition, in contrast with plaintiffs Brown and Johnson, neither of whom had insurance coverage, James Walsh was an insured under his parents' policy. As stated in *Johnson*, "uninsured motorist benefits were created to protect innocent insured victims." 343 Pa.Super. at 572, 495 A.2d at 945. Considering this motion from a predictive standpoint, the Pennsylvania Supreme Court would hold that James Walsh was intended to be protected by the Uninsured Motorist Act despite his blameworthy failure to insure his own vehicle.

---

**8.** Section 104(a) of the No–Fault Act required that every owner of a motor vehicle registered or operated in Pennsylvania must provide "security" for that vehicle. *Johnson*, 343 Pa.Super. at 569, 495 A.2d at 942.