J-S77045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYLER CHRISTIAN SLATOFF | : | No. 1792 EDA 2018 |

Appeal from the Order Entered June 6, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003295-2017

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 11, 2019**

The Commonwealth of Pennsylvania appeals from the order entered June 6, 2018, in the Court of Common Pleas of Chester County, directing the Chester County District Attorney's Office to admit Tyler Christian Slatoff into the ARD Program, conditional upon participation in weekly drug and alcohol counseling sessions rather than his participation in the "Drug Court Program." In this timely appeal, the Commonwealth argues the trial court overstepped its authority in issuing the order. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm based on the sound reasoning of the trial court.

The parties are well versed in the factual history of this matter; accordingly, we need not provide a detailed recitation of the facts. We relate that on April 27, 2017, Slatoff was subjected to a traffic stop that resulted in the determination he had a blood alcohol concentration (BAC) of 0.075%

_____
* Retired Senior Judge assigned to the Superior Court.

(slightly under the 0.08% driving limit), as well as traces of Xanax and metabolites of marijuana in his blood. Slatoff was subsequently charged with driving under the influence, failing to drive within a single lane, careless driving, accidents involving damage to unattended vehicle or property, careless driving, and underage drinking.[1]

Slatoff had a doctor's prescription for Xanax. Slatoff suffered, and presumably still suffers, from an astounding array of symptoms and diagnoses, including: "racing thoughts, anxiety, panic attacks, depression, difficulty keeping still, headaches, memory loss, night flashbacks, alcohol abuse and marijuana use … post-concussive disorder (having suffered 15 diagnosed concussions), post-traumatic stress disorder, Postural Orthostatic Tachycardia Syndrome (POTS)[2] (which can predispose a person to concussions), tinnitus, optometric disturbance, and suspected Chronic Traumatic Encephalopathy (CTE)." Trial Court Opinion, 7/10/2018, at 3.

Slatoff applied for and was accepted into Chester County's ARD[3] program. The certified record contains no document indicating Slatoff was

---

[1] 75 Pa.C.S. §§ 3802(a)(1), (d)(1)(i), (d)(2), (d)(3), (e); 3309(1); 3714(a); 3745(a); and 18 Pa.C.S. § 6308(a), respectively.

[2] Simply for informational purposes, POTS, according to WebMD, is a racing heart upon standing up from sitting or upon sitting up from lying down. The heart races in an effort to pump blood from the lower body to the brain.

[3] Accelerated Rehabilitative Disposition.

accepted into ARD, however, the Commonwealth asserts that his acceptance contained the "added condition that he must complete Drug Court." ***See*** Commonwealth's Response to [Slatoff's] Motion to Compel ARD, 4/16/2018, ¶ 3.

Slatoff applied for Drug Court and was required to undergo an evaluation conducted by the Mirmont Outpatient Center, specifically by Kate Neidler MSW, LSW.[4]  Without consultation to Slatoff's medical records or with his treating physicians, Ms. Neidler conditioned Slatoff's acceptance into the drug program upon a 24-hour drug detox of Slatoff's **prescribed** medications. Following his doctor's recommendations, Slatoff refused the Drug Court Program, but sought admission to the ARD program.  The District Attorney's Office refused the request.  Slatoff filed a motion to compel his acceptance into ARD.  The trial court held a hearing on the motion, ordering the parties to submit expert reports.  The Commonwealth relied upon Ms. Neidler's evaluation, while Slatoff submitted a letter from his treating counselor, J. Todd Barlow, MS, LPC, CAADC,[5] and his primary care physician, Dr. Jon E. Brndjar, DO, FACOI, FACP.[6]  Based upon the unrebutted medical testimony presented by Slatoff, indicating a high probability of serious and possibly permanent

---

[4] Master of Social Work, Licensed Social Worker, respectively.

[5] Master of Science, Licensed Professional Counselor, Certified Advanced Alcohol and Drug Counselor, respectively.

[6] Doctor of Osteopathy, Fellow of the American College of Osteopathic Internists, Fellow of the American College of Physicians, respectively.

harm to Slatoff should his long standing treatment program be suddenly terminated, the trial court determined that the additional condition of drug court was not reasonably "relat[ed] to the protection of society or to the likelihood of [Slatoff's] successful rehabilitation." ***Commonwealth v. Ebert***, 535 A.2d 178, 180 (Pa. Super. 1987). As such, the trial court determined the Commonwealth abused its discretion in denying Slatoff admission into ARD and ordered him admitted to ARD with weekly drug testing, the results of which are to be transmitted to the Chester County Adult Probation Department.

The Commonwealth now appeals, raising three issues, all of which essentially claim the trial court substituted its own judgment in rejecting the drug court condition for admission to ARD.[7] We disagree.

Our standard of review is as follows.

> In ***Commonwealth v. Gano***, 781 A.2d 1276, 1279 (Pa. Super. 2001), citing our prior decision in ***Commonwealth v. Gano***, 756 A.2d 680, 682 (Pa. Super. 2000), this Court stated the standard of review to be employed when considering the trial court's denial of admission into ARD is an abuse of discretion standard. It

---

[7] The Commonwealth's three claims are:

> 1) The trial court erred in characterizing the District Attorney's actions in denying Slatoff admission in ARD;
> 2) the trial court improperly substituted its own judgment for the District Attorney's in deciding whether Slatoff was an appropriate candidate for ARD; and
> 3) the trial court erred in determining the District Attorney abused his discretion in refusing Slatoff admission into the ARD program.

We have edited these claims to a more concise form.

- 4 -

logically follows that when reviewing an order directing admission into an ARD program, the standard remains the same.

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.
>
> ***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 753 (2000). "Paramount to the proper implementation of any ARD program is to assure that inclusion/exclusion promotes one or both of the objectives sought to be achieved by the program's existence: protection of the public and/or the rehabilitation of the defendant." ***Commonwealth v. Darkow***, 426 Pa.Super 219, 626 A.2d 1173, 1176 (1993). "The decision to submit [a] case for ARD rests in the sound discretion of the district attorney." ***Id.*** at 1174.

***Commonwealth v. Fleming***, 955 A.2d 450, 453 (Pa. Super. 2008).

Here, the trial court conducted a detailed, fact-driven decision, based upon unrebutted medical evidence, evidence that was not reviewed or considered by the Commonwealth when it placed conditions upon Slatoff's admission to ARD. Our review of the certified record, especially the evidence presented to the trial court, leads us to find the trial court correctly held the Commonwealth aptly decided Slatoff was a suitable candidate for ARD, but the Drug Court condition was likely to cause mental and/or physical harm, perhaps serious and permanent harm, to Slatoff, and therefore, was not rationally related to advancing the goals of ARD.

We are aware that the District Attorney's Office possesses broad discretion in admitting a person to ARD.

> [A]bsent an abuse of that discretion involving some criteria wholly, patently and without doubt unrelated to the protection of society and/or likelihood of a person's success in rehabilitation, such as race, religion or other such obviously prohibited considerations, the district attorney is free to make his decision based upon what is most beneficial to society and the offender.

*Id.* at 451, *citing* **Commonwealth v. Lutz**, 495 A.2d 938, 935 (Pa. 1995). However, broad discretion is not unfettered discretion. Forcing Slatoff to choose between his physical and mental health and participation in the ARD program, was not a decision Slatoff should have been required to make. Accordingly, forcing a person into such a choice falls into the category of "other such obviously prohibited considerations" referenced in **Fleming** and **Lutz**.

In light of the above, we find no error in the trial court's order, instructing Slatoff be admitted into the ARD program, including weekly drug testing.[8]

Order affirmed. The parties are directed to attach a copy of the July 10, 2018 Trial Court Opinion in the event of further proceedings.

Judge Dubow joins this memorandum.

Judge Strassburger files a dissenting memorandum.

---

[8] We wish to make clear that this matter represents the appropriately rare circumstance in which the District Attorney's Office has abused its discretion in denying a person admittance into ARD.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/11/2019*

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS

: CHESTER COUNTY, PENNSYLVANIA

VS.

: NO. 3295-2017

TYLER CHRISTIAN SLATOFF : CRIMINAL ACTION

## OPINION PURSUANT TO PA.R.A.P. 1925(a)

I.   Procedural Setting

The Commonwealth appeals from the Order dated June 6, 2018 granting Defendant Tyler Christian Slatoff's Motion seeking removal of the Drug Court condition to his approved admission into ARD. The Commonwealth filed a notice of appeal on June 11, 2018. The trial court issued an order the same day directing the Commonwealth to file a concise statement of matters complained of on appeal. The Commonwealth filed its concise statement on June 26, 2018. The matter is now ripe for review.

II.   Facts

The relevant facts are as follows: Defendant was involved in a traffic stop on April 27, 2017 which resulted in a criminal complaint filed against him. The criminal complaint charged Slatoff with several DUI and related offenses; Slatoff, who was 20 years old at the time, had a Blood Alcohol Concentration (BAC) of 0.075% within an hour of the traffic stop and Xanax was detected in Slatoff's blood; Slatoff had a proper prescription for the medication; metabolites of marijuana were also detected in his blood.

33

Slatoff waived both the preliminary hearing and formal arraignment in this matter. On September 29, 2017, Slatoff submitted an application to the Chester County District Attorney for admission into the DUI-ARD program. On October 2, 2017, the Commonwealth approved Slatoff for admission to ARD but subsequently sought to add as an additional component to ARD Slatoff's participation in the Drug Court Program. Slatoff was required to submit an application to the Drug Court Program and undergo an evaluation by a facility selected by the District Attorney, Mirmont Outpatient Center. Following Slatoff's evaluation, Kate Neider preapproved eight (8) weeks of drug court mandated sessions and recommended a 24-hour detox of the medications Slatoff was prescribed by his treating physicians. In making such a recommendation, Ms. Neider did not consult with Slatoff's treating professionals to either confirm a diagnosis or to ensure the safety and well-being of the defendant.

Following multiple requests to remove the Drug Court condition, which were denied, Slatoff then filed a motion seeking removal of the Drug Court condition to his approved admission into ARD. Following a hearing, this court directed both sides to submit expert reports regarding Slatoff's diagnoses and conditions as well as the current treatment and any concerns arising from Slatoff's admission into Drug Court, which would require a disruption to his current treatment in Lehigh Valley. The Commonwealth relied upon the single evaluation performed by Ms. Neider. In addition to the letter provided by Slatoff's treating counselor, J. Todd Barlow, MS, LPC, CAADC, attached to his initial petition, Slatoff submitted a report from Jon E. Brndjar, DO, FACOI, FACP, who has been his primary care physician for the past two years.

Slatoff's treating professionals strongly opposed Ms. Neider's recommendation. They are concerned about disrupting Slatoff's course of treatment, which includes a

2

34

psychiatric team managing his complex symptoms, and stable home environment in Lehigh County where he resides with his mother. Mr. Barlow explained Slatoff's myriad symptoms and concluded that Slatoff's admission into the Drug Court Program would be a "mistake" due to the disruption it would cause in his medical and therapeutic interventions.

According to Mr. Barlow, Slatoff has a "unique set of symptoms that include racing thoughts, anxiety, panic attacks, depression, difficulty keeping still, headaches, memory loss, night flashbacks, alcohol abuse and marijuana use." See, *Motion to Compel ARD at Exhibit A*. These symptoms are related to and/or caused by a series of head traumas between 2011 and 2016. *Id.* Additionally, Slatoff has been diagnosed with post-concussive disorder (having suffered 15 diagnosed concussions), post-traumatic stress disorder, Postural Orthostatic Tachycardia Syndrome (POTS) (which can predispose a person to concussions), tinnitus, optometric disturbance, and suspected Chronic Traumatic Encephalopathy (CTE). *Id. at Exhibit B*. Because of Slatoff's medical conditions and the symptoms resulting therefrom, Slatoff is currently engaged in extensive medical and therapeutic interventions.

Dr. Brndjar has found Slatoff to be "medically disabled" due to his conditions. According to Dr. Brndjar, Slatoff suffers from long-standing anxiety and depression stemming in large part from his father's drug and alcohol abuse and subsequent drug overdose death several years ago. Slatoff's POTS condition causes sudden changes in blood pressure and pulse when moving from a lying to sitting position or from seated to standing. Patients with POTS suffer from dizziness, lightheadedness, and disorientation which can last from a few minutes to hours. These symptoms contribute to Slatoff's anxiety. Moreover, Slatoff has been diagnosed with Ehler's-Danlos

3

35

syndrome. This condition has certain symptoms that overlap with POTS, but also can cause pain in joints and joint dislocation. Slatoff has suffered multiple concussions and, as a result, is showing signs of Post-concussion Syndrome for which the symptoms include forgetfulness, inability to focus, sensitivity to bright light and loud noises, and a processing disorder which makes ordinary tasks more difficult. This condition has further exacerbated his anxiety and depression.

Slatoff's current multidisciplinary course of treatment includes seeing a visual-spatial specialist, physical therapist, occupational therapist, concussion specialist, counselors who are professionals in addiction services, anxiety and depression, and a psychiatrist. These services occur in the Lehigh Valley. Mr. Brndjar concluded that any disruption to Slatoff's current care would be "potentially very harmful" and a "grave mistake." He further opined that if the therapies were suspended, Slatoff's recovery would certainly be delayed and it would possibly jeopardize the chances of recovery entirely.

Having concluded that the Commonwealth already approved Slatoff for participation in ARD, this court determined that the Commonwealth abused its discretion when it imposed the added condition of Drug Court because it was based on clearly prohibited considerations. In other words, the court found that the Commonwealth abused its discretion when it considered Slatoff's medical disabilities (or drug use as a symptom of his medical disabilities) as a factor when it assessed his likelihood of rehabilitation.

The Commonwealth's concise statement sets forth twelve (12) errors which are accurately summed up as the trial court erred in approving defendant for the Accelerated Rehabilitative Disposition (ARD) program without the approval or motion

4

of the Chester County District Attorney's Office or in the alternative the Commonwealth acknowledges their approval of Slatoff for ARD but argues its conditions (Drug Court) as opposed to the court's (Drug Treatment) should be imposed.

III.    Discussion

The District Attorney's response to Slatoff's motion to compel concedes that it approved Slatoff for the ARD Program on October 2, 2017. The District Attorney considers Slatoff to be an appropriate candidate for ARD. In argument before the Court, the DA conceded that Slatoff was approved for and to be admitted to the ARD program. At no time did the Court substitute its judgement for that of the DA. In fact the Court, were it to offer an opinion, wholeheartedly agrees with the Commonwealth the Slatoff was, and should be, admitted to the ARD program. Admission to the ARD program is the District Attorney's "call", he made it, chose to admit Slatoff and the Court agrees.

An issue arose over what additional conditions would be imposed. Over the years in Chester County, the District Attorney has sought to impose additional conditions ranging from an additional guilty plea to disorderly conduct, reimbursement to a victim, reimbursement to a drug testing facility, reimbursement to the State Police. the payment of medical bills, the payment of property damage, drug court, drug supervision, drug treatment, drug and alcohol testing and follow up treatment. These additional conditions are totally discretionary. They are not imposed in every case and when imposed are intended to address case specific needs established from the evidence.

Here, the DA subsequently imposed the additional condition of Drug Court. This additional condition was imposed based upon one review of the file by Ms.

5

37

Nieder. Ms. Nieder did not consult Mr. Barlow, Dr. Brndjar, or any other treating medical professional. It is clear Ms. Nieder did not ask for reports from Slatoff's treating medical professionals. It is acknowledged Ms. Nieder did not even pick up the phone to attempt to discuss Slatoff's treatment regimen with any medical professional.

Ms. Neider's evaluation of Slatoff yielded a recommendation that was neither safe for Slatoff given his medical disabilities nor productive in assisting Slatoff in his rehabilitative efforts. While the District Attorney may not be obligated to consult with Slatoff's team of medical professionals in imposing certain conditions upon his ARD admission, its failure to do so, despite the DA's knowledge of Slatoff's medical disabilities, certainly permits the inference that the District Attorney was not concerned with Slatoff's severe medical conditions and his likelihood of rehabilitation. Thus, there was no rational relationship between the imposition of the Drug Court condition and Slatoff's likelihood of rehabilitation considering his medical disabilities.

The District Attorney further acknowledged in its response to the motion to compel that Slatoff's recent history of alcohol consumption while being under the legal drinking age was the basis for concluding that Slatoff's participation in ARD without the added component of Drug Court undermined his likelihood of rehabilitation. Given that Slatoff's treating medical professionals have determined that Slatoff suffers from a variety of medical disabilities, any consideration of these factors is prohibited. The District Attorney's decision based upon Slatoff's medical disabilities or symptoms is akin to factoring in one's race or religion to determine whether a candidate is to be recommended for ARD and, as such, is clearly prohibited.

The District Attorney seeks to persuade the court that while Slatoff is appropriate for ARD the additional condition of drug court was based solely on the

6

38

likelihood of Slatoff's chances of rehabilitation. However, were the _entire_ case file and medical record reviewed by the Commonwealth, they would see that seeking to detox Slatoff from his medically supervised regimen is, in the words of the medical professionals, a "mistake."

We did review all of the available medical reports provided by all the medical professionals whether retained by the Commonwealth or by Slatoff. We appreciate the District Attorney's desire for an additional condition to aid Slatoff in his rehabilitation. With the benefit of all the records, which the District Attorney refused to consider, we have attempted to address these concerns by requiring Slatoff to participate in weekly drug and alcohol counseling sessions accompanied by testing, the results of which are reported directly to the Chester County Adult Probation Department.

This requirement accommodates the Commonwealth's concerns, necessitating that Slatoff abstain from alcohol and marijuana use, while simultaneously permitting Slatoff to continue with the medications which have been prescribed by his treating physicians as well as allowing the uninterrupted continuation of his medical and therapeutic treatments at home in Lehigh County. Thus, both goals can be obtained without the Commonwealth's insistence on Slatoff's participation in the Drug Court Program which mandates a potentially dangerous 24-hour detox and eight weeks of traveling from Lehigh County to Chester County multiple times per week.

The Commonwealth's complaint on appeal is that the trial court overstepped its authority by substituting its own judgment in place of the Chester County District Attorney's _concerning the admission_ of Slatoff to the ARD Program. This misses the point. The DA acknowledges it admitted Slatoff on its own motion. We recognize that

7

39

admission to an ARD program is not a matter of right, but a privilege. *Commonwealth v. Armstrong*, 495 Pa. 506, 512, 434 A.2d 1205, 1208 (1981). The Pennsylvania Supreme Court in *Commonwealth v. Lutz*, set forth the standard applicable to the District Attorney's discretion in admitting candidates to ARD:

> [T]he decision to submit a case for ARD rests in the sound discretion of the district attorney, and absent an abuse of that discretion involving some criteria for admission to ARD wholly, patently and without doubt unrelated to the protection of society and/or the likelihood of a person's success in rehabilitation, such as race, religion, or other such obviously prohibited considerations, the attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on his view of what is most beneficial for society and the offender.

*Commonwealth v. Lutz*, 508 Pa. 297, 306, 495 A.2d 928, 932 (1985) (citations omitted).

The District Attorney's discretion in deciding whether to submit a matter for ARD, however, is not absolute. Therefore, it is equally as clear that once the Commonwealth seeks to place additional conditions on the admission, "the trial court's role is limited to whether the Commonwealth abused its discretion." *Commonwealth v. Sohnleitner*, 884 A.2d 307, 313 (Pa. Super. 2005) (citation omitted). Based on the above, it is apparent that the trial court is obligated to consider whether the Commonwealth abused its discretion in the imposition of the Drug Court condition upon Slatoff's admission to the ARD Program. The Commonwealth's refusal to approve Slatoff for ARD is subject to review for abuse of discretion based upon *Lutz*, supra.

In this case the Commonwealth's <u>refusal</u> to even review or reference Slatoff's medical history, background, treatments and disabilities is an abuse of discretion. The court did not undertake this evaluation or the conclusions reached therefrom lightly.

8

40

This particular defendant, with his myriad medical disabilities, presented a unique conundrum. While the trial court certainly recognizes the broad discretion of the District Attorney in admitting persons to ARD, in this instance, we found that the Commonwealth abused its discretion.

Finding no need to simply re-state the rationale set forth previously, I have nothing further with which to supplement this opinion or the Order dated June 6, 2018.

All of which is respectfully submitted,

BY THE COURT:

Date: July 10, 2018

Jeffrey R. Sommer          J.

Certified From The Record
This ___13___ Day of __Jul__ 20_18_

Deputy Clerk of Common Pleas Court

9

41